## PHILLIPS *v.* COOPER.

1. A recovery in ejectment by the consent of the surviving defendant in the action is not sufficient evidence to establish failure of consideration of a promissory note previously made by him to his codefendant in the action for the purchase money of the premises, although the latter, at the time of taking the note, conveyed to the former by deed with warranty of title, such codefendant (the warrantor) not having consented to the recovery, but having died pending the suit and leaving undisposed of a plea to the merits.

2. Where the "real plaintiff" in an action of ejectment is not the grantee from the State, he cannot rightly recover on a demise from such grantee without showing some privity of title or estate, legal or equitable, with him, or some representation or agency in his behalf which would render such recovery allowable and proper according to the true spirit of the law governing actions of ejectment.

3. In an action upon a promissory note given by the vendee to the vendor for the purchase money of land, paramount outstanding title relatively to the title of the vendor, whatever that may be, is not shown by producing in evidence a copy grant from the State and a deed of conveyance from one stranger to another stranger.

4. The plaintiffs below were competent as witnesses in their own behalf.

5. The evidence warranted the verdict, and the court erred in granting a second new trial.

March 26, 1894.    Argued at the last term.

Action on note. Before Judge JANES. Paulding superior court. January term, 1893.

To the statement of facts contained in the opinion it is only necessary to add, that the case was begun in a justice's court, and was appealed by defendant to the superior court; and that the ground of newly discovered evidence was supported by one affidavit made after the last trial, tending to show declarations by one of plaintiffs supporting the defence that the note had been paid. There was no supporting affidavit, nor any as to the ignorance of defendant or his counsel of the new testimony, nor as to their diligence.

J. J. NORTHCUTT and W. E. SPINKS, for plaintiffs.
ROBERTS & McGREGOR, for defendant.

LUMPKIN, Justice.

An action was brought by M. M. and C. C. Phillips against Cooper upon a non-negotiable promissory note made and delivered by the latter to one Austin, who indorsed the same to the plaintiffs. Among other things, Cooper pleaded that the note sued on was assigned by Austin to the plaintiffs only as collateral security for a

debt which Austin owed them, and which he had fully paid. So far as this defence was concerned, the evidence was conflicting, but was amply sufficient to authorize the jury to find that the debt of Austin to the plaintiffs secured by this note had not been paid.

Cooper further pleaded that the consideration of the note had totally failed, because it was given by him to Austin, together with other notes, for the purchase of a lot of land, Austin making to Cooper a warranty deed thereto; that Cooper went into possession of the land under this deed, but had been in possession only a short time when an action of ejectment was brought against him and Austin by one Buchanan, after which the land trade between Cooper and Austin was rescinded, Cooper delivering up his deed and surrendering possession of the land to Austin, while the latter returned to Cooper all his notes except the one now sued on, which note he promised to get from the plaintiffs and surrender to Cooper, but had failed to do so; that afterwards, Buchanan and others brought another action of ejectment against Austin, Cooper, and one Hosford, seeking to recover the land, to which action pleas of the general issue and prescription were filed by all the defendants, including Austin; but before the case was finally determined, Austin died insolvent, no parties were made in his stead, and the suit was then dismissed as to Austin; whereupon Cooper consented that a verdict for the land might be taken as against him.

There was no evidence whatever to sustain the allegations in Cooper's plea that the land trade between himself and Austin was rescinded, or that the papers relating to that trade were mutually returned, and the land surrendered to Austin; nor does it distinctly appear what disposition was made of the first action of ejectment above mentioned, although it is really immaterial what did become of it. This branch of the defence,

v 93-41

reduced to its last analysis, was, that the consideration of the note had entirely failed because Cooper was evicted from the land under a paramount title, and that although the plaintiffs acquired title to the note before its maturity and without actual notice of the equities existing between Cooper and Austin, this defence was available against them because the note in question was non-negotiable. The jury found for the plaintiffs, this being the second verdict in their favor. Under the facts disclosed by the record, we think the court erred in setting this verdict aside.

1. Having consented to the verdict against him in the action of ejectment, the burden was upon Cooper to show affirmatively that the title under which he was evicted was paramount. *Haines et ux. v. Fort,* 93 *Ga.* 24, 18 S. E. Rep. 994. Had Cooper been sued alone for the land, a verdict and judgment against him would certainly not have been conclusive upon Austin that the eviction was under paramount title, unless the latter had been notified of the suit and had failed to defend it. We do not think it makes any difference in principle that Austin was a party to the action of ejectment, it appearing that he had filed a plea to the merits, but was cut off by death from any opportunity to sustain it; that the action was then dismissed as to him, and was never subsequently defended by any representative of his estate. What might have been the fate of Austin's plea, had he lived and contested to the end the plaintiffs' right to recover, cannot now be known; but certainly it was incumbent upon Cooper to show that, notwithstanding the defence filed by Austin—in which he himself joined,—a recovery for the plaintiff was inevitable.

2. The action of ejectment last above mentioned was brought on the several demises of Buchanan and others, including J. O. and D. C. Hawthorn. It appears from

a recital in the bill of exceptions, however, that the Hawthorns were the real plaintiffs in the action. A copy grant from the State of the land in dispute to Buchanan was introduced in evidence. Conceding that Buchanan was the grantee from the State, we do not think the Hawthorns could have rightly recovered upon a demise to him, without showing some privity of title or estate with him, or some right of representation or agency in his behalf, which would authorize the use of his name by them. If this view is not sound, any person, by merely producing a duly certified copy grant— which any one could obtain by simply paying the requisite fee—could, without more, make out a *prima facie* case for the recovery of the land covered by the original grant, no matter by whom, or under what title, the same might then be held. This would be possible, although the action might be brought without the knowledge of the grantee, and by one who had no authority whatever to use his name. For this reason, the code (section 413) provides that on reasonable grounds, any attorney who assumes the right to appear in a cause may, on motion, be required, to produce or prove the authority under which he appears, and to disclose, whenever pertinent to any issue, the name of the person who employed him. Hence, we say that a recovery in ejectment should not be had, upon a demise to the grantee from the State, by another person who shows neither title from the grantee, nor any right to sue or recover in his name. This, we think, is in accord with the true spirit of the law governing actions of ejectment.

3. While one who has given a promissory note for the purchase money of land need not, in order to defeat a recovery upon the note on the ground that its consideration had failed because of the existence of an outstanding title paramount to that of his vendor, be actually sued and evicted from the land, it is incumbent upon

him to show that the alleged outstanding title was, in fact, paramount to that of his vendor, and that consequently an action by the holder of that title would necessarily prevail. If Cooper had not been sued in ejectment at all, he would have had the right to surrender the land anyhow, if the outstanding title, relatively to the title of his vendor, was paramount, and was held by another. It follows, of course, that Cooper's voluntary submission to a verdict against him in the ejectment suit would have been proper, provided he had shown on the trial of the present case that the real plaintiffs in the ejectment suit—the Hawthorns—held such title. This, however, he did not show. He merely introduced in evidence the copy grant to Buchanan above mentioned; a deed of gift from one Plumer to the Hawthorns, and the warranty deed from Austin to himself,—all covering the land in question. He did not even show that these papers were exhibited in the ejectment suit which he voluntarily refused to defend. They certainly would not have justified him in submitting to a verdict had they then been exhibited to him. The copy grant to Buchanan and the deed from Plumer to the Hawthorns would not, without more, have authorized a recovery in favor of the latter.

4. The plaintiffs below were competent as witnesses in their own behalf as to transactions between themselves and the deceased Austin, the action not being one to which a personal representative of his estate was a party. In construing the evidence act of 1889 (Acts of 1889, page 85), we find it the safer course to adhere to the plain letter of its terms, and thus avoid the confusion which arose from attempted liberal constructions of its predecessor, the evidence act of 1866.

5. We think the court erred in granting a second new trial. We are quite certain it could not have been granted upon the idea that the plea alleging payment

of the debt of Austin to the plaintiffs, to secure which the defendant's note had been assigned to them, was sustained. The evidence, as already stated, was amply sufficient to uphold a verdict to the contrary; and the trial judge could hardly, under the circumstances, have set aside a second finding for the plaintiffs upon this issue. So the new trial must have been granted upon the idea that the defendant sustained his plea of failure of consideration. We have endeavored to show he utterly failed to do this, and therefore there was no cause for a new trial in this respect. Neither was there anything in the ground of the motion as to newly discovered evidence, which would authorize the judge to set aside the verdict.        *Judgment reversed.*