23275. EVANS *v.* SEARS, ROEBUCK & COMPANY.

DECIDED SEPTEMBER 29, 1934.

*G. Seals Aiken, M. V. Higdon,* for plaintiff.
*Alston, Alston, Foster & Moise, W. H. Sibley,* for defendant.

STEPHENS, J. 1. Upon the trial of a suit to recover for damage alleged to have been caused from the explosion of a gasoline cooking stove "known as an autogas range," which the plaintiff's husband had bought from the defendant, where it was alleged that the explosion occurred when the plaintiff's husband attempted to light the stove, and where it was alleged that the stove, which was a second-hand stove, operated by burning gasoline through some complicated mechanism by which gas was generated from the gasoline, and that by reason of a defective construction in these mechanisms and their failure to operate properly, an explosion occurred when the burners were lighted by the plaintiff's husband, which caused a fire that destroyed the house and all household effects therein belonging to the plaintiff, that the defendant knew of this defect in the construction of the stove when it was sold to the plaintiff's husband, and was negligent in failing to warn the purchaser of the defective condition, that the defendant's agent when the stove was sold and installed gave specific instructions as to the use and operation of the stove and said that it was impossible for the stove to

explode, and where it appeared from the evidence that the stove at the time of the explosion had been bought for about a year, and since that time had not been in the possession or control of the defendant, and repairs had been made on it recently and a short time prior to the time of the explosion, and where there was evidence that gasoline cans had been in the room in which the stove was located and near the stove, the jury was authorized to infer that the explosion was from some other cause than the negligent, defective condition of the stove when sold. The court did not err in failing to charge the doctrine of res ipsa loquitur; and where there was no evidence otherwise from which it could be inferred that the explosion was caused as a result of the defendant's negligence, a verdict found for the defendant was authorized.

2. It was not error for the court, when counsel for the plaintiff insisted that the doctrine of res ipsa loquitur applied, to admit in evidence the testimony of an official of the manufacturing company that manufactured the stove that he had never seen one of the stoves actually blow up, and that the only case in which he knew of this particular type of stove exploding was where the explosion was caused by the negligence of the operator.

3. It was not error to exclude from evidence a page from the defendant's catalogue, published after the purchase of the stove, in which stoves of the character of the one purchased by the plaintiff's husband were recommended as being safe and dependable, where it does not appear that the stove was bought upon the representations made in the catalogue. Nor was it error to exclude from evidence other pages from the defendant's catalogue containing "sales talk" boosting stoves of the same character which the defendant was offering for sale.

4. Statements contained in the defendant's catalogue that it owned and operated a factory in which were made stoves described as "autogas rangettes" had no probative value as tending to establish the fact that the defendant manufactured the stove belonging to the plaintiff's husband, where it appeared from uncontradicted and positive testimony that the manufacturing plant in which the stove which the plaintiff's husband had bought was manufactured did not belong to the defendant. It was not error to exclude from evidence these statements from the catalogue. *Emory University v. Bliss*, 35 *Ga. App.* 752 (134 S. E. 637).

5. It was not error to exclude evidence of an employee of the defendant that he had heard that the defendant owned the company that manufactured the stove which the defendant sold to the plaintiff's husband. This was clearly hearsay and inadmissible.

6. It appeared from the uncontradicted evidence that the defendant was not the manufacturer of the stove bought by the plaintiff's husband. Therefore the court did not err in directing a verdict for the defendant upon the count in which there was alleged negligence against the defendant as the manufacturer of the stove.

7. Where the only negligence alleged in the petition as being the cause of the plaintiff's injury was the alleged defective construction of the stove when the plaintiff's husband bought it and the failure of the defendant to warn the purchaser of the defective condition of the stove, the plaintiff was not entitled to recover upon any negligence of the defendant, if there was any, through a person who the plaintiff alleged was the defendant's agent in negligently repairing the stove after it was bought and shortly before the explosion. The court did not err in eliminating any recovery upon this ground, by instructing the jury that the person who made the repairs on the stove was not the agent of the defendant.

8. There is no evidence that the plaintiff was negligent in causing the explosion, and the court did not submit to the jury any issue as to such negligence. It was therefore not harmful to the plaintiff for the court to fail to charge that the negligence of the husband in causing the explosion of the stove could not be imputed to the plaintiff.

Since, under the evidence, the explosion of the stove was due to the negligence of the defendant or of the plaintiff's husband, it was not error for the court to fail to charge that if the damage to the plaintiff's property was caused as the proximate result of the joint and combined negligence of the defendant and the plaintiff's husband, the plaintiff could recover.

9. The court did not err in charging that the burden of proof rested upon the plaintiff to establish her allegations of negligence.

10. Since the explosion set fire to the plaintiff's property and caused damage thereto, it was not error for the court to charge that if the plaintiff, by the exercise of ordinary care, could have avoided the damage to her property caused by the defendant's negligence, if the jury believed the defendant was negligent, she would not be entitled to recover.

11. Since the only ground of negligence relied upon by the plaintiff was that the defendant was negligent in selling to the plaintiff's husband a defective stove, and failing to warn the purchaser of the defective condition of the stove, it was not error for the court to charge that, if the explosion was caused from some defect in some other manner than from the defective condition of the stove, as if it was caused through the failure to clean the stove, or failure to properly adjust or to use the stove, in the usual and ordinary manner, the defendant would not be liable. ·

12. Since the plaintiff sought to recover on no ground of negligence other than the defective condition of the stove at the time it was sold to her husband, and defendant's failure to warn as alleged, it was not error for the court to charge that if an agent of the defendant made repairs or adjustments on the stove after it was purchased, and on account of his negligence in making the repairs or adjustments the stove exploded, the defendant would not be liable.

13. The court in stating to the jury the contentions of the defendant as contained in the plea and answer used the following language: "Further answering, defendant shows that if the explosion of said stove took place at the time alleged in this petition, it was caused by the carelessness and negligence of the plaintiff's husband, and not through any negligence on the part of this defendant. Plaintiff's husband had an equal opportunity, after using said stove for nearly a year, to discover its condition, and should have been familiar with the operation of said stove in that length of time, and any damage suffered by her by reason of any explosion of said stove was the direct and proximate result of plaintiff's husband's own carelessness and negligence in the premises." This charge is not susceptible to the construction that it contains an expression of opinion on the facts to the effect that the court stated that the plaintiff's husband had an equal opportunity to discover the defective condition, and any damage suffered by her by reason of the explosion was the direct and proximate result of the husband's carelessness and negligence. It is clearly apparent from the context that the jury could not have understood otherwise than that the court was stating a contention of the defendant. This charge was not error.

14. The evidence authorized the verdict found for the defend-

ant. The court fairly submitted all the issues, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*