27862.   SLATON *v.* ATLANTA GAS-LIGHT COMPANY.

DECIDED MARCH 9, 1940.

*Richard C. Smith, Walter A. Sims,* for plaintiff.

*Alston, Foster, Moise & Sibley, Henry J. Miller,* for defendant.

MacIntyre, J. The sole charge of negligence against the defendant was in defectively repairing the plaintiff's stove on December 16, 1937, by installing therein a defective thermostat, which act was alleged to have been the proximate cause of her injuries. If perchance a suit is brought in good faith by a party who erroneously thinks that when a gas stove explodes, which has been installed and recently repaired, one or both, by the gas company, the company is necessarily liable and responsible for injuries received from such explosion, where the company has not satisfactorily accounted for the occurrence, even if the direct evidence establishes without dispute that the company used due care in repairing or inspecting the stove, generally speaking, the only effective defense or protection a gas company has against such a suit is the direct testimony of the workmen who did the work;

and this is often true only on account of the rule that the negligence of the defendant can not be established by circumstantial evidence which is consistent with the direct, uncontradicted, reasonable, and unimpeached testimony of the workmen who did the work, which direct testimony shows that the workmen were not negligent as alleged. It should be remembered that a corporation can act only through its agents; and where it sends its agents to repair a stove, the only way, generally speaking, the company can prove by direct and positive evidence that the repairing and inspection were not defective is by the testimony of these agents so sent. In the instant case, where the plaintiff's evidence tended to show that the company's workmen repaired a stove on or about December 16, 1937, and the plaintiff frequently used the oven of the stove between that date and March 5, 1938, when the stove exploded; that the workmen of the company, on notification of the explosion, went to investigate it several hours thereafter, and after disassembling certain parts of the stove in order to investigate the trouble, the workmen sent off and obtained certain new parts therefor, which they used in reassembling the parts of the stove; and where the defendant's workmen positively testified that the reason for getting the new parts and using them in reassembling the stove was that they had ruined the threads on the old parts, either in disassembling or in attempting to reassemble the stove while it was hot (because when the named parts are removed while the stove is hot, nine times out of ten the threads on those parts are ruined), and the new parts were not obtained because the old ones were mechanically defective; and where the defendant's workmen further positively testified that the investigation of the stove by them several hours after the explosion showed that the former repairs on December 16, 1937, had had nothing to do with the explosion, but that it might have been caused by a particle of rust stopping up the pipe, or some other cause in no way connected with the former repairs of the stove, and that there was no negligence in any of the inspections of the stove, there was not sufficient circumstantial evidence to establish the fact that the company did not exercise due care in repairing a particular part of the stove, where the workmen who did the work, were unimpeached, and testified positively that the repairs were not defective and that they exercised due care in repairing and inspecting.

If the circumstantial evidence of the witnesses for the plaintiff, although true, does not contradict the facts positively testified to by the workmen that they were not negligent in repairing and inspecting the stove, such circumstantial evidence is not inconsistent with the positive, direct testimony of the workmen; and it can not be said that the plaintiff has affirmatively shown that the workmen were guilty of negligence. *Western & Atlantic Railroad Co. v. Gentle,* 58 *Ga. App.* 282, 297 (198 S. E. 257). "A fact can not be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable, and unimpeached testimony that the fact does not exist." *Neill v. Hill,* 32 *Ga. App.* 381 (2-*b*) (123 S. E. 30). "If the direct evidence established, without dispute, that the defendant was not negligent, the verdict in the plaintiff's favor is unlawful, although the defendant had not satisfactorily accounted for the occurrence." *Emory University v. Bliss,* 35 *Ga. App.* 752, 754 (134 S. E. 637) ; *Smith v. Ætna Insurance Co.,* 58 *Ga. App.* 711 (199 S. E. 557). Under the evidence and the rules above stated, the judge did not err in directing the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*