33675, 33676.   SPRUELL *v.* GEORGIA AUTOMATIC GAS
APPLIANCE CO.; and *vice versa.*

Decided October 4, 1951.

*Harris, Henson & Gower,* for plaintiff.

*W. Neal Baird, Neely, Marshall & Greene, Ferdinand Buckley,* for defendant.

SUTTON, C. J. The question for determination is whether the

evidence raised an issue as to the defendant's alleged negligence which should have been submitted to the jury. Therefore, the relevant evidence has been set out at length.

There are no conflicts on any material points between the direct evidence of the plaintiff and that of the defendant. This evidence showed that a butane gas system serving appliances in the plaintiff's house was installed by the defendant in September, 1949; that butane gas combined with air in certain proportions is explosive; and that, nine months after the installation, an explosion occurred, not in the tank and pipe installation, but in the space under the plaintiff's house. "In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." Code, § 38-123. There are only inferences here as to the cause of the explosion and as to what exploded. From the inference that butane gas exploded and the fact that the gas tends to settle in low places, a jury might infer that the gas came from a leak in one of the pipes under the house, and then infer that the leak was due to the defendant's failure to use any or enough sealing compound in the joints of the system and its failure to inspect it for leaks when the installation was completed, which are the acts of negligence alleged in the petition. It appears that the plaintiff's case rests upon inferences made from inferences, and such proof is insufficient where the inference is too remote. *Georgia Ry. &c. Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076); *Miller* v. *Gerber Products Co.,* 207 *Ga.* 385 (62 S. E. 2d, 174).

Furthermore, some of the inferences supporting the plaintiff's case were nullified by his own testimony on cross-examination. *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (2) (46 S. E. 2d, 674); *Evans & Pennington* v. *Scofield's Sons Co.,* 120 *Ga.* 961 (48 S. E. 358). The plaintiff testified that, about a week before the explosion, he had been in the basement of his house working on an electric water pump but did not smell any butane gas, although he could have recognized its odor. This testimony tends to disprove the contention that the explosion resulted from the alleged negligence of the defendant, in failing to test the system, for, if the defendant had left the system leaking, it is reason-

.able to conclude that the plaintiff would have been able to smell some gas in his basement nine months later, but he did not.

As to the alleged failure to use sealing compound or dope on the threads of the fittings or to use it in sufficient quantity, the direct evidence introduced by the plaintiff was to the effect that there was no compound outside of the joints which could be felt or seen, and that, if any of the compound were outside the joint, it had become too dry to adhere to the finger of the plaintiff's witness. The witness in making his examination of the pipes did not take apart any of the joints to inspect them. It would seem that the inference supposed to be raised by this evidence is that, as there was no compound discovered outside the joints, there was not. enough or none inside the joint where it would prevent leakage. However, this inference is rebutted by the testimony of the defendant's employee who first assembled and then later dismantled the system, which was that he used the sealing compound (according to the State inspector it was an approved type of compound) on the joints; that he then made the manometer test for leaks, but found none; and that the compound was still on the threads when the pipes were removed and disassembled after the explosion.

Consequently, the possible but undemanded inferences of negligence on the defendant's part were negatived by the positive testimony of unimpeached witnesses, which was not contradictory to or inconsistent with the plaintiff's circumstantial evidence, and which tended to establish that the defendant had used ordinary care in making the installation; that it had complied with the regulations imposed by law (see the Liquefied Petroleum Safety Act, Ga. L. 1949, p. 1128); and that it had used the tests and materials generally accepted and used in the industry. Frazier v. Georgia R. &c. Co., 108 Ga. 807 (33 S. E. 996); Taggart v. Savannah Gas Co., 179 Ga. 181 (1) (175 S. E. 491); Myers v. Phillips, 197 Ga. 536 (4) (29 S. E. 2d, 700); Neill v. Hill, 32 Ga. App. 381 (2 b) (123 S. E. 30); Emory University v. Bliss, 35 Ga. App. 752 (134 S. E. 637); Western & Atlantic R. Co. v. Gentle, 58 Ga. App. 282, 297 (198 S. E. 257); Smith v. Ætna Ins. Co., 58 Ga. App. 711 (199 S. E. 557); Slaton v. Atlanta Gas Light Co., 62 Ga. App. 42 (7 S. E. 2d, 769); Allgood v. Dalton Brick &c. Corp., 81 Ga. App. 189 (4) (58 S. E. 2d, 522).

The doctrine of res ipsa loquitur has no application to this case. It was not shown that the premises or the instrumentality causing the injury was controlled by the defendant, as was the case in *Candler* v. *Automatic Heating Inc.*, 40 *Ga. App.* 280 (149 S. E. 287), and in *Sinkovitz* v. *Peters Land Co.*, 5 *Ga. App.* 788 (64 S. E. 93), cited and relied upon by the plaintiff in error. It was also shown that the explosion occurring was such as might have resulted with equal probability from causes other than the defendant's negligence, namely, from possible settling of the house during or after the time it was remodeled in November, 1949, and after the defendant had installed the gas system, which settling might have caused strain in joints or in the pipes themselves resulting in a leak, according to the testimony of witnesses for both the plaintiff and the defendant. See *Evans* v. *Sears, Roebuck & Co.*, 49 *Ga. App.* 744 (1) (176 S. E. 843); *Floyd* v. *Swift & Co.*, 59 *Ga. App.* 154 (200 S. E. 531); *Advanced Refrigeration Inc.* v. *United Motors Service Inc.*, 71 *Ga. App.* 576 (31 S. E. 2d, 605).

The evidence being insufficient to raise an issue as to the defendant's negligence, and the defendant having established that it was not negligent as alleged, the trial judge did not err in directing a verdict for the defendant, and in overruling the plaintiff's motion for a new trial. It is unnecessary to consider the exceptions in the cross-bill to the overruling of certain of the defendant's demurrers to the petition.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Felton and Worrill, JJ., concur.*