34202.   ATLANTA GAS LIGHT COMPANY *v*. GHOLSTON.

DECIDED OCTOBER 17, 1952.

44

*Erwin Sibley, Harris, Russell, Weaver & Watkins,* for plaintiff in error.

*Marion Ennis,* contra.

FELTON, J. The plaintiff in error contends that the evidence does not show that the explosion was due to its negligence. We think the evidence authorized the finding that it was. The material evidence was in conflict. There was sufficient evidence for the jury to find that the only reasonable explanation for the explosion was that it was gas explosion, and was sufficient for them to find that the gas had been leaking over a long period of time; that the leak was in the defective tee; that the defendant had sufficient notice of the leaking gas; that by the exercise of ordinary care under the circumstances the defendant could have discovered the defective tee and corrected the defect; that the gas, rather than escaping upward through hard and encrusted soil, took a course of lesser resistance and diffused through loose gravel, broken tile and brick and porous soil to the ground under the floor of the building; that the gas entered

the building through one of the cracks in the cement floor and combined with the air inside the building to such a degree as to become explosive; that the gaseous mixture was ignited by a spark from one of the electric motors.

The defendant sought to show that on Friday, May 25, 1951, a road machine cutting a ditch along North Jefferson Street struck and bent the service line running from its street main to the plaintiff's building and that such striking and bending ruptured the tee. The defendant did not attempt to show this by direct evidence as to the happening but by surrounding circumstances such as the cutting of the ditch, the finding of the bent pipe in the ditch, etc., and the testimony by its agent that he saw the tee in September of 1950 and that at such time the tee was not defective. The bent section of the pipe and the defective tee were in evidence for the jury to examine. The defendant's witness testified that they were in substantially the same condition in court as they were in on the day of the explosion. The jury were authorized to find from the condition of the pipe and tee, i.e., corrosion and rust on the pipe and tee and the condition of the ruptured threads on the tee, that the pipe had been bent and the tee ruptured before the Friday before the explosion on Sunday and that the defendant had sufficient notice of the leaking gas caused thereby. In its brief the plaintiff in error states: "The plaintiff in error is not so interested in the time when the ditch was cut and the pipe was bent, provided it was done between September, 1950, and the destruction of the store in May of 1951. In September of 1950 it was undisputed that the T-joint was in good condition and hence no gas was ecaping from it. Sometime between September and May, 1951, the T-joint was ruptured." If the service line was bent and the tee ruptured after September of 1950 and substantially before May 25, 1951, the jury could have disbelieved the defendant's agent and believed Buster Hood, the tenant, that notice of the leak had been given to the defendant monthly from February of 1950 until the time of the explosion and found that with such notice the defendant was negligent in not discovering and repairing the defective tee, but even this conclusion would not have explained the escaping gas prior to September, 1950. The jury could have disbelieved the testimony that the tee was all

right in September, 1950. A fact may be proved by circumstantial evidence as well as by direct proof, and a jury is authorized, in a proper case, to make a finding based on physical facts and circumstances, and reject contrary direct testimony on the same point. *McRae* v. *Wilby*, 59 *Ga. App.* 401, 409 (1 S. E. 2d, 77) and cases cited.

Mr. Raymond Broach, district manager of the defendant, testified that on the morning of the explosion he made observations with respect to the condition of the earth around the tee and found a dry lump of clay surrounding the tee about the size of a grapefruit. He testified that the escaping gas would absorb moisture from the earth to form such a lump and that in his opinion had there been an appreciable amount of gas escaping from the tee for a period of six months or longer, the leak would have created a lump of dry earth about two feet in diameter. Mr. Broach just prior to the above testimony testified that the general condition of the ground in the area that day was wet and that there had been "quite a rain" the previous day. The jury were authorized to find that the reason the dry lump of earth was no larger than the size of a grapefruit was because the rain of the previous day had saturated a larger size of dry earth reducing it to grapefruit size so that such size did not reflect the amount of gas that had escaped from the tee and how long it had been escaping.

The plaintiff in error contends that the jury's finding was based on an inference which itself was based on an inference and that therefore the finding was not authorized. The law is not that a jury cannot make a finding from an inference based on another inference, but that a jury cannot make too remote a finding from an inference based on another inference. *Lumbermen's Mutual Casualty Co.* v. *Bridges*, 81 *Ga. App.* 395, 401 (58 S. E. 2d, 849) and citations. In the instant case, if in fact the jury did make an inference on an inference and make a finding therefrom, the finding was not so remote as to make the above-mentioned principle of law applicable.

This is not a case where the facts are consistent with either of two opposing theories, as also strongly contended by the plaintiff in error. Here we have two inconsistent theories based

not on *all* the facts (see *Herman* v. *Aetna Casualty & Surety Co.,* 71 *Ga. App.* 464, 469, 31 S. E. 2d, 100), but on two separate and conflicting sets of facts. "Where a decision is required between two or more antagonistic theories, an authorized finding that the evidence preponderates to one theory as against all the others necessarily carries with it a finding that the rejected theories are excluded." *Radcliffe* v. *Maddox,* 45 *Ga. App.* 676, 683 (165 S. E. 841). This, of course, also means that the inconsistent facts supporting the rejected theory were rejected.

The case of *Spruell* v. *Ga. Automatic Gas &c. Co.,* 84 *Ga. App.* 657 (67 S. E. 2d, 178), cited by the plaintiff in error, is not applicable here. Among other possible distinctions is the distinction that in the *Spruell* case it was not shown that gas was ever smelled or otherwise detected to indicate a leak in the distribution system and it was not shown that a leak was ever actually found to exist.

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Gardner, P.J., and Worrill, J., concur. Sutton, C.J., disqualified.*