36480. BURTON *v.* CAMPBELL COAL COMPANY.

DECIDED FEBRUARY 27, 1957—REHEARING DENIED MARCH 19, 1957.

*Wilson, Branch & Barwick, John W. Wilcox, Jr., John E. Branch,* for plaintiff in error.

*Moise, Post & Gardner, R. Emerson Gardner, Charles F. Barnwell,* contra.

NICHOLS, J. 1. Code § 20-1311 defines recoupment as: "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract," and under Code § 20-1312 recoupment is confined to the contract on which the plaintiff's suit is brought, and does not include all mutual debts and liabilities as does setoff. Code § 20-1314 sets forth the actions in which recoupment may be pleaded: "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. In all cases where recoupment may be pleaded, if the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall recover of the plaintiff the amount of such excess."

Therefore, since the defendant's plea of recoupment in the present case seeks to recoup against the plaintiff's action on the contract with a plea that it, the defendant, was forced to spend a certain amount of money to have the conveyor system, which the plaintiff erected under the contract, repaired due to the unskillful and improper manner in which the plaintiff did certain of the work, the trial court did not err in denying the motion to strike the plea of recoupment. See *Allied Enterprises* v. *Brooks,* 93 *Ga. App.* 832 (93 S. E. 2d 392).

2. Special ground 4 of the motion for new trial complains of a ruling on pleadings and is not a proper ground of a motion for new trial. *Ray* v. *Woods*, 93 *Ga. App.* 763 (92 S. E. 2d 820), and citations.

3. Special grounds 2 and 3 complain of the rejection of certain documentary evidence offered by the plaintiff. An examination of these special grounds shows that the evidence in one special ground was the preliminary specifications of the work to be done by the plaintiff, but not the specifications on which the contract between the parties was finally entered into, and the other evidence was an excerpt from a manual mentioned in the preliminary specifications but not in the final specifications on which the contract was based, nor was there any evidence that the excerpt from the manual was such a custom that would have authorized its introduction in evidence.

This evidence would have had no bearing on the actual contract between the parties and was therefore irrelevant to the issue tried, and the trial judge did not err in sustaining the objections to its introduction.

4. Special ground 1 assigns error on the admission in evidence of a statement of the wind velocity measured at the Weather Bureau Airport Station, Atlanta, Georgia, on April 2, 1955. There was other evidence that the site of the construction was two miles from the weather station.

It has long been the rule in this State that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the jury. See *Lovejoy* v. *Tidwell*, 212 *Ga.* 750, 751 (95 S. E. 2d 784). In cases where the judge hears the case without the intervention of a jury the rules as to admission of evidence are less strict. *Ward* v. *State*, 26 *Ga. App.* 61 (105 S. E. 373). However, as will be shown in dealing with the general grounds of the motion for new trial this evidence was irrelevant.

5. It was admitted that, if the plaintiff was not responsible for the "cars" installed on the conveyor system falling, the defendant was indebted to the plaintiff in the full amount sued for.

The defendant introduced in evidence the statement of the wind velocity, and stated through its counsel that it was relying on the doctrine of res ipsa loquitur to make out its plea of recoupment. In order for the doctrine of res ipsa loquitur to be

applicable in a case such as this it must be shown that the defendant (here the plaintiff, where the defendant sought to rely on such doctrine to support its plea of recoupment), had control of the premises. See *Sinkovitz* v. *Peters Land Co.*, 5 *Ga. App.* 788 (64 S. E. 93); *Candler* v. *Automatic Heating Inc.*, 40 *Ga. App.* 280 (149 S. E. 287), and *Spruell* v. *Ga. Automatic Gas &c. Co.*, 84 *Ga. App.* 657, 665 (67 S. E. 2d 178). The evidence as to who was in control of the construction shows conclusively that the defendant was engaged in building a concrete mixing plant, that the plaintiff was contracted with for the sole purpose of erecting the conveyor system in conjunction with the mixing plant, that the defendant, after the plaintiff had left the job due to a shortage of parts, employed other help to install reinforcing bars on the frames on which the conveyor system was installed, that the plaintiff had no knowledge of this until after the "cars" had fallen, and that other "crafts" employed by the defendant were working all over the system while the plaintiff was erecting the conveyor system. Therefore, since the plaintiff did not have control of the premises, and since the defendant did not prove that while the plaintiff was away from the job waiting on a supply of materials or parts no other persons did anything which within the realm of reason could have caused the fixture to be so changed from the condition in which the plaintiff left it as to result in the damage to the conveyor system complained of (see *Macon Coca-Cola Bottling Co.* v. *Crane*, 55 *Ga. App.* 573, 190 S. E. 879), the doctrine of res ipsa loquitur has no application in the present case, and since there was no evidence to support the allegations of the plea of recoupment the judgment for the defendant was not authorized by the evidence and was without evidence to support it.

Moreover, the case is distinguishable from those cases where a contractor is employed to completely erect a building and such building is destroyed before it is completed, inasmuch as the plaintiff was employed to do only one segment of the entire construction. 9 Am. Jur. 45, § 63.

Accordingly, the trial court erred in denying the plaintiff's motion for new trial on the usual general grounds.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

ON MOTION FOR REHEARING.

Counsel for the Campbell Coal Company on motion for rehearing contends that even though during the trial of the case it was stated that the doctrine of res ipsa loquitur was being relied on to support its contention that the plaintiff was liable on the defendant's plea of recoupment that this should not exclude the defendant from making out its plea of recoupment by circumstantial evidence. With this contention of the defendant the court agrees; however, the evidence in the present case failed to support the defendant's plea of recoupment either under the doctrine of res ipsa loquitur or under the rules as to circumstantial evidence, and there was no direct evidence that any alleged negligence of the plaintiff *caused* the cars to fall from the elevated tracks of the conveyor system. Accordingly, the motion for rehearing is denied.