42630. MONROE v. CITIZENS & SOUTHERN NATIONAL BANK, Administrator.

ARGUED MARCH 8, 1967—DECIDED JUNE 20, 1967.

Action on note. Cobb Superior Court. Before Judge Ingram.

*F. L. Breen,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Larry I. Bogart, John A. Helms,* for appellee.

PER CURIAM. Citizens & Southern National Bank, as administrator of the estate of Mrs. Winifred H. Durrett, brought suit against Mrs. Emma Andre Monroe on a promissory note in the principal amount of $2,500, executed by the defendant and made payable to the plaintiff's intestate. The defendant filed an answer in which she admitted execution of the note, but pled that the same was without any consideration whatsoever, and therefore nudum pactum and void. For further answer and plea the defendant alleged that in the early part of 1958, defendant desired to purchase certain property which belonged to the plaintiff's intestate, and that on the date of the note, that is, May 31, 1958, she signed a real estate sale contract agreeing to purchase

a described parcel of land from the plaintiff's intestate for $40,000; that at the time she signed the contract she tendered to the agent of the seller, as evidence of her good faith, a check for $1,000, explaining that the check was not good; that the agent then required defendant to sign the note sued on in lieu of and in place of the check; that thereafter on June 20, 1958, Mrs. Durrett executed and delivered a warranty deed to the described premises to the defendant's husband Lance T. Monroe; that at the same time and as a part of the transaction of selling the property, Mrs. Durrett signed a settlement statement which showed the receipt and disbursement of the full purchase price of the property to her; that thereafter Lance T. Monroe conveyed to the defendant the premises described in the sale contract and in the deed to him from Mrs. Durrett by executing a warranty deed conveying to the defendant the aforesaid property in trust for their minor children; that the defendant's liability upon the note sued on, if there ever was any, was a part of the transaction evidenced by the real estate sale contract and was merged in and fully satisfied by the closing of the sale, as evidenced by the deed from Mrs. Durrett to Lance T. Monroe and the settlement receipt executed by Mrs. Durrett, in which transaction, as the said settlement receipt shows, she received the full purchase price of $40,000. No demurrer was filed to the answer.

On the trial the defendant sought to prove her contentions with respect to the defenses interposed by her plea by showing solely by her own testimony that at the time she went to the office of Lipscomb-Ellis Company, the real estate agent who negotiated the sale of the property to the defendant from Mrs. Durrett, for the purpose of signing the sale contract, that the contract was presented to her by the employee or agent of Lipscomb-Ellis Company with Mrs. Durrett's signature already affixed thereto, that she signed the sale contract and tendered the check as alleged, but that the employee, upon being informed that she (the defendant) did not have sufficient funds in the bank to cover the check, tore it up and procured the blank promissory note, inserting therein the name of Mrs. Durrett as payee, and the principal amount of the note, and typing the defendant's address thereon as "c/o Lipscomb-Ellis Company, 90 Fairlie St., N.W., Atlanta,

Ga." The defendant sought also to identify and introduce in evidence a standard real estate sale contract prepared on a form bearing the name of Lipscomb-Ellis Company, dated the same day as the note, describing certain premises located in Cobb County, Georgia, and setting forth the purchase price of the property as $40,000 "all cash at time of closing." This contract carried the usual provision to the effect that it constituted the sole and entire agreement between the parties, and that no representation, promise, or inducement not included in the contract would be binding upon any party thereto. The contract appears to have been signed by the defendant, Emma Andre Monroe, as purchaser, Winifred H. Durrett, as seller, and by Mrs. Walter Smith on behalf of Lipscomb-Ellis Company, broker. It provided that it would be closed on or before July 1, 1958. Defendant also sought to identify and introduce in evidence a warranty deed dated June 20, 1958, between Mrs. Durrett and "Lance T. Monroe, M.D.," which deed described the same property as described in the aforesaid sale contract, and which warranty deed appeared to have been duly filed for record in the office of the Clerk of the Superior Court of Cobb County on June 24, 1958, and thereafter duly recorded. Defendant also sought to identify and introduce in evidence a closing statement, dated June 20, 1958, showing Winifred H. Durrett as seller, and Lance T. Monroe, M.D., as purchaser, and showing the distribution of the entire purchase price of $40,000 to or on behalf of Mrs. Durrett, including the payment of $2,000 to Lipscomb-Ellis Company as agent's commission for the sale of the property described. Defendant also sought to identify and introduce in evidence three checks drawn on the account of Lawyers Title Insurance Corporation, one to Mrs. Durrett, one to Northside Federal Savings & Loan Association, and one to Lipscomb-Ellis Company, in accordance with the figures shown on the closing statement, and to identify and introduce an unrecorded warranty deed executed by Dr. Monroe in June, 1958, conveying to the defendant the same property as described in the real estate sale contract and in the warranty deed from Mrs. Durrett to Dr. Monroe, in trust for four minor children of Doctor and Mrs. Monroe, and finally, she sought to identify and introduce a separation agreement en-

tered into between the defendant and Dr. Monroe, wherein Dr. Monroe agreed to provide for the defendant the sum of $40,000 to be used to purchase and acquire a home and place of residence for Emma Rose Andre Monroe and the children therein named. No other witness was proffered to identify these documents, and upon objection of counsel for the plaintiff, the trial judge was of the opinion that to permit the defendant to identify these documents so as to render them admissible would amount to a violation of the inhibition contained in *Code* § 38-1603 (1), and he therefore ruled all of the evidence proffered by the defendant, including her testimony and the documentary evidence, inadmissible.

Thereafter, the plaintiff having introduced the note which was admittedly executed by the defendant and proved the service on the defendant of notice to collect attorney's fees, the trial court directed a verdict for the plaintiff in the principal amount of the note plus accrued interest and attorney's fees, and thereafter rendered judgment for the plaintiff in the amount of the verdict. The defendant appealed to this court enumerating as error the final judgment, and, in separate enumerations of error, the exclusion of the testimony of the defendant and the exclusion of each of the separate documents which the defendant sought to identify and introduce in evidence.

*Code* § 38-1603 (1) provides: "Where any suit shall be instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, or transferee, or the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." It has been held that the Act from which this Code section is derived should be strictly construed and applied according to "the plain letter of its terms." *Phillips v. Cooper*, 93 Ga. 639, 644 (4) (20 SE 78). As was said in *Ullman v. Brunswick Title &c. Co.*, 96 Ga. 625, 628 (24 SE 409) : "This statute is not to be extended by construction so as to embrace cases not strictly within its letter." The question of

whether the trial court erred in excluding the testimony and documentary evidence offered by the defendant in this case turns solely upon the determination of whether the evidence which the defendant offered was evidence of "transactions or communications" had with the deceased seller, Mrs. Durrett, who had died since the execution of the note sued on and since the closure of the sale to which the documents sought to be introduced by the defendant related. This is true because the trial court was of the view, and counsel for both parties conceded, the relevancy of this evidence, if offered by a witness competent to testify thereto.

Fairly early in the history of the statute from which this Code section was derived, the Supreme Court laid down a definition of the kind of transaction to be excluded from the evidence intended by the legislature in enacting that law. In *Chamblee v. Pirkle*, 101 Ga. 790 (29 SE 20), at page 792, the Supreme Court said: "The true intent and meaning of the exceptions to the section above cited is to exclude testimony of any party as to matters occurring or happening *directly* with the deceased party, which he, if alive, could deny or explain. The statute does not render a witness incompetent simply because the other party is dead. It includes only *direct* transactions or communications between the witness and the deceased party, and as to all other matters the living party is a competent witness." (Emphasis supplied.) Since that decision both the Supreme Court and this court have had numerous occasions to restate and clarify that definition, and it is clear that the kind of transaction interdicted by the statute now includes only those transactions as defined by this court in the recent case of *Simmons v. Larry*, 109 Ga. App. 424 (136 SE2d 502), at page 425: " 'Transaction,' in terms of the statute, means 'something personal between the surviving and deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party,' and does not include independent observations of the party testifying." As was said by the Supreme Court in *Gomez v. Johnson*, 106 Ga. 513, at page 515 (32 SE 600), under the statute the surviving party is clearly competent to testify to any matter which *does not* relate to transactions with the deceased.

Under the foregoing authorities we think it is clear that, the defendant having testified that at the time she signed the sale contract she had never met the plaintiff's intestate; that she in fact did not meet the plaintiff's intestate until at the closure of the sale and had no direct dealings with the deceased ever, but dealt with the deceased, if at all, only through her real estate agent, the defendant was not incompetent to testify to these facts nor was she incompetent to identify the documents which she sought to identify for the purpose of having them introduced in evidence. She did not offer to testify to the facts disclosed by the documents, but merely as we have said, to identify the documents themselves. If and when admitted, those documents would "testify" to the facts disclosed by them. Whether such documentary evidence would be sufficient to sustain the defendant's contentions is not a matter presented to this court for a decision at this time. We think, however, that a jury might well take into consideration, in reaching a decision on the defense pleaded, the fact that the real estate sale contract bore the same date as the note; that it bore as did the note reference to Lipscomb-Ellis Company, and was between the same parties as the parties to the note, and then a jury might take into consideration the facts that the deeds sought to be introduced by the defendant bore the same description as the real estate sale contract and all the other myriad factors which we have set forth in the statement of facts tending to connect each document one with the other and conclude that all tended to sustain the defendant's contentions with respect to the purpose and effect of the note which the defendant had admitted she signed. The relevancy of this evidence having been conceded, its admissibility was at least no more than doubtful, and it should have been admitted and its weight and credit left for the jury's decision. *Manners v. State,* 77 Ga. App. 843, 849 (3) (50 SE2d 158); *Burton v. Campbell, Coal Co.,* 95 Ga. App. 338, 340 (4) (97 SE2d 924).

The trial court erred in excluding the defendant's testimony identifying the documents proffered in evidence by her, in excluding the documents from evidence, in directing a verdict for the plaintiff, and in thereafter rendering a judgment for the plaintiff thereon.

*Judgment reversed with direction that a new trial be granted.*
*Bell, P. J., Jordan, P. J., and Deen, J., concur.*