### 43386. MONROE v. CITIZENS & SOUTHERN NATIONAL BANK, Administrator.

HALL, Judge. The defendant appeals from a judgment for the plaintiff in an action on a note.

1. In support of her defense the defendant testified and intro-

duced other evidence to show that the note for $2,500 was given as an obligation for "earnest money" in connection with a contract for the purchase of real estate for the price of $40,000, which contract was consummated by payment of the stated purchase price and conveyance of the property. The defendant's Enumeration of error 1 is on the admission into evidence of a contract between the same parties and covering the same property, but signed on an earlier date than the contract consummated and stating a purchase price of $42,500. The defendant objected at the trial on the ground that this contract was superseded by a new contract. Enumeration of error 2 is on the admission of evidence of a letter written before the contract, to which the defendant objected on substantially the same ground. The contract objected to was not introduced and admitted in evidence to vary the later contract introduced by the defendant to support her defense that the note and contract to purchase for $40,000 were a part of the same transaction and the note became functus officio after the consummation of that contract and transfer of the real estate, but was introduced in rebuttal to this defense to support the plaintiff's contention that the $2,500 note was a transaction collateral to the later contract. The evidence complained of in Enumerations of error 1 and 2 was not inadmissible in the circumstances of this case under the rule making parol evidence "inadmissible to add to, take from, or vary a written contract." *Code* § 20-704. Accord *Hewlett v. Almand*, 25 Ga. App. 346 (103 SE 173).

2. No error is shown by the seven enumerations of error complaining of failure to charge and refusing requests to charge the jury. Most of these objections were not made before the verdict. And in the circumstances of this case the trial court was not required to charge and did not prejudicially err in failing to charge the jury, as requested by the defendant, certain language from the opinion in a former appeal in this case. *Monroe v. Citizens & Southern Nat. Bank*, 116 Ga. App. 28, 33 (156 SE2d 805).

3. The record does not support the enumeration of error contending that the court improperly restricted the defendant's cross examination of a witness for the plaintiff. After objection to a question asked on cross examination, the defendant rephrased the question and the witness answered it.

4. The record does not support the enumeration of error con-

tending that irrelevant testimony was admitted. The trial court sustained the defendant's objection after the witness had given the testimony, but the defendant did not then call upon the court to take further action to rule out the testimony.

*Judgment affirmed. Felton, C. J., and Bell, P. J., concur. Quillian, J., disqualified.*

ARGUED JANUARY 12, 1968—DECIDED FEBRUARY 2, 1968— REHEARING DENIED FEBRUARY 22, 1968—CERT. ▇▇▇▇▇▇

*F. L. Breen,* for appellant.

*Powell, Goldstein, Frazer & Murphy, John A. Helms, Larry I. Bogart,* for appellee.