27007.   SMITH v. SMITH.

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972—
REHEARING DENIED MARCH 23, 1972.

*Dickens & Hall, G. L. Dickens, Jr.,* for appellant.

*Eva L. Sloan,* for appellee.

NICHOLS, Justice. 1. The first enumeration of error complains of the admission of testimony relating to the payment of $2,000 cash which it is contended was received for the deceased, James B. Smith, during his lifetime by the defendant, who was acting as the agent of James B. Smith at that time.

The evidence adduced in the presence of the jury did not violate the provisions of *Code* § 38-1603 (3). The plaintiff identified a signature on a receipt as being that of the deceased, but was not permitted to testify as to the transaction wherein such receipt was given. The plaintiff was permitted to testify that a $2,000 cash payment, like the other payments made by check, was delivered to the defendant, who was then acting as the agent of their father.

The transaction testified to was not a transaction with a deceased person, but a transaction with an agent of a now deceased person. Under cases exemplified by *Monroe v. Citizens & Southern Nat. Bank,* 116 Ga. App. 28 (156 SE2d 805), and the numerous decisions of this court cited therein, the trial court did not err in admitting the evidence objected to.

■ The second enumeration of error complains that the trial court erred in admitting, over objection, a "receipt for $2,000." The exhibit was admitted for the limited purpose of proving the signature of the deceased testator. The objection was that there was no evidence connecting the receipt with the transaction under investigation and ". . . the only

possible way which it can be connected up under the facts here is by the testimony of this person which would involve a transaction or communication with the decedent. This document here would evidence such a transaction or communication with the decedent, and it has not been connected up by any competent evidence to this transaction, and it is a transaction or communication with the deceased which this witness is not entitled or competent to testify."

Previously the plaintiff had testified that $2,000 was represented by such receipt and that his brother, the defendant, got the cash money for it. The plaintiff also testified, without objection, that the money represented by all the canceled checks and the receipt, represented money received by the plaintiff's brother himself.

No error is shown by the admission of this evidence.

■ Enumerations of error numbered 5 and 6 complain of the failure of the trial court to instruct the jury without request specifically as to the defendant's contention with reference to the alleged payment of $2,000 in cash. The trial court instructed the jury generally as to the defendant's contentions and ". . . I charge you that the pleadings in the case, that is, plaintiff's petition and defendant's answer, will be out with you when you go to your jury room. The pleadings are not evidence in the case, but you may look at the pleadings and read them to ascertain in greater detail the respective contentions of the parties."

In the absence of a timely written request, the instructions given the jury amply covered the contentions of the defendant and no reversible error appears from the failure to further specifically instruct the jury as to such contentions.

■ The evidence adduced by the plaintiff authorized the jury to find that the defendant executor had acted as agent for his father before his death and as executor of his estate since that time, that all payments on the note, including the $2,000 cash payment, were received by the defendant. This evidence was not contradicted and unless the jury was authorized to consider the plaintiff as having been im-

peached, the verdict was not only authorized, but demanded. Compare *Lankford v. Holton,* 187 Ga. 94 (200 SE 243); *Myers v. Phillips,* 197 Ga. 536 (4) (29 SE2d 700).

The defendant sought to impeach the plaintiff by asking him about a prior statement made under oath in another proceeding, which it is contended was an admission of the indebtedness involved in the present litigation. The plaintiff admitted answering the question in the language read to him by defendant's counsel, but he then explained the answer in a manner which was not inconsistent with the prior testimony or with the testimony given in the present case. Moreover, the prior testimony was such that standing alone it was incomplete and without some explanation was meaningless to show whether a contradiction existed between such testimony and the testimony given upon the trial sub judice. Nor without some explanation was it possible to show whether any contradiction which may have existed was wilful. The explanation given by the plaintiff, without more, not only eliminated any possible wilful contradiction, but eliminated any contradiction. See *Code* § 38-1803; *Stanford v. State,* 153 Ga. 219, 232 (112 SE 130).

The evidence adduced by the plaintiff, not being subject to being considered by the jury as impeached demanded the verdict returned and any alleged error of the trial court in refusing to permit the defendant to open and conclude the final argument to the jury was harmless error. Compare *Sutherland v. Woodring,* 216 Ga. 621 (118 SE2d 482); *Milligan v. Milligan,* 209 Ga. 14, 16 (70 SE2d 459).

No error of law appearing, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*