29193. MINKOVITZ v. FINE.

178

DECIDED FEBRUARY 26, 1942.    ADHERED TO ON REHEARING APRIL 3, 1942.

180

*Gazan, Walsh & Bernstein,* for plaintiff.

*O. E. Bright, Perry Brannen, Aaron Kravitch,* for defendant.

MacIntyre, J. (After stating the foregoing facts.) The effect of the testimony was that the last thing either the plaintiff or the defendant remembered was four blocks from the scene of the accident; at that time the defendant was driving the automobile at a normal and reasonably safe rate of speed and in a safe manner; he was not in any manner under the influence of whisky nor was his driving affected thereby; the street was free from traffic and

parked automobiles, and there was no evidence that there were any defects in the street; the defendant was driving on the right side of the street, and neither the plaintiff nor the defendant knew what caused the car to cross the street and hit a tree on the left side thereof.

Generally the defendant's negligence will not be presumed from the mere happening of the accident. In negligence cases the plaintiff has the burden of showing that the defendant failed to perform a duty owing to the plaintiff. The rule of evidence which is expressed in the maxim res ipsa loquitur is one of the phases of the rule of circumstantial evidence and must be sparingly applied, and then only when the facts and the demands of justice make the application essential. Anderson *v.* McCarthy Drygoods Co., 49 Wash. 398 (95 Pac. 325, 16 L. R. A. (N. S.) 931, 126 Am. St. R. 870); *Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 837, 844 (47 S. E. 329). The rule of res ipsa loquitur "does not apply in any case where there is direct testimony as to the cause" of the occurrence. 9 Blashfield's Cyc. Auto. Law, 328 (6); *Slaton* v. *Atlanta Gas-Light Co.,* 62 *Ga. App.* 42, 47 (7 S. E. 2d, 769). Where circumstantial evidence must be depended on, the maxim res ipsa loquitur is even then applied only to a phase of the circumstantial evidence, which, when the circumstances are proved, leaves no room for a different presumption than that the circumstances of the case, unexplained, justify the inference of negligence. 9 Blashfield's Cyc. 328 (5); Galbraith *v.* Busch, 267 N. Y. 230 (196 N. E. 36); Springs *v.* Doll, 197 N. C. 240 (148 S. E. 251); *White* v. *Executive Committee of the Baptist Con.,* 65 *Ga. App.* 840 (16 S. E. 2d, 605). In view of the present hazards of automobile travel, the character of the accident rather than the fact of it determines whether the maxim applies, and where the cause of the accident is clear on the evidence which of itself, or of its natural force, explains the specific cause of the occurrence, the maxim, being unnecessary, can not be applied to establish liability. 9 Blashfield's Cyc. Auto. Law, 325 (97), 326 (5, 6); Heffter *v.* Northern States Power Co., 173 Minn. 215 (217 N. W. 102). It applies only when a definite cause, although unexplained, does not happen according to *common* (ordinary) experience without fault; that is, without the negligence of the defendant. Stangy *v.* Boston &c. Ry. Co., 220 Mass. 414 (107 N. E. 933); Riggsby *v.* Tritton, 143 Va. 903 (129 S. E. 493, 45

A. L. R. 280). In the dissenting opinion in Galbraith v. Busch, supra, it was observed: "We have had of late an increasing number of negligence cases wherein the litigation is between the members of the family—mother suing daughter, as in this case, children the father, or wife the husband—actions which never would have been brought were it not for the fact that the defendant was covered by insurance, so that the loss falls upon the casualty company. The difficulty in properly presenting a defense may, therefore, be due somewhat to the fact that the actual defendant is not the one whose name appears in the action, and that by reason of a family relationship between the parties and their joint interest in the recovery, there is difficulty in procuring evidence for the defense." It was further said that in other States, such as Massachusetts, Connecticut, and Georgia, the incongruous situation of the members of the family suing each other for negligence has been met by adopting the rule whereby the host is liable to the guest only where *gross* negligence is found. Let it be said now that the plaintiff in the instant case is not suing a member of her family, but her right to recover would be judged by the same rules as if she were so doing. Be that as it may, "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Capers* v. *Martin,* supra.

The effect of the plaintiff's argument is that the maxim res ipsa loquitur may be invoked to make out a prima facie case, irrespective of what degree of negligence the plaintiff is required to establish. If this be correct, the rule in Georgia requiring proof of gross negligence in guest cases, which necessarily forbids recovery for ordinary or slight negligence, would be of no effect whatever in many cases where ordinary negligence, at most, existed. *Palmer Brick Co.* v. *Chenall,* supra. Thus, the plaintiff by the very paucity of her proof and by her reliance upon this doctrine could circumvent our gross-negligence rule and recover upon a showing of negligence no greater in quantity or effectiveness than would be necessary if we had adopted the ordinary-negligence rule instead of the gross-negligence rule now in force in this State. Lincoln v. Quick, supra. The gross-negligence rule in force in Georgia places the burden on the plaintiff to establish a degree or extent of negligence which can not be met by a mere inference that some

negligence existed even though it be ordinary negligence. The rule of res ipsa loquitur applies only where the plaintiff does not know what caused the accident, and the cause, although unexplained, does not happen according to the *common* (ordinary) experience of man if due (ordinary) care has been exercised on the part of the defendant, and the general circumstances of the case, thus unexplained, justify the inference of negligence. Lincoln *v.* Quick, supra, 437. Generally speaking, the maxim res ipsa loquitur is based on the relationship of the *ordinary* person (that is an ordinarily prudent person) to the common or *ordinary* experiences of life. 37 Words and Phrases, 336; Breen *v.* N. Y. Cen. &c. R. Co., supra. As respects liability for negligence under the doctrine of res ipsa loquitur for injury inflicted by the driver of an automobile, where *all* the instrumentalities which could likely have caused the injury were under the *exclusive control* and management of the driver, yet the accident is unexplained, the inferences which can be drawn from the circumstances attendant upon the accident extend only to the "scope of ordinary experiences" (which are the common experiences of ordinary men, that is, ordinarily prudent men, under the same or similar circumstances), being coextensive with "the permissible inferences," are the proper measuring rod by which it can be determined whether the inference or inferences were permissible under the rule of res ipsa loquitur. Negligence under this maxim is a failure to exercise "that degree of care which is exercised by *ordinarily* prudent persons under the same or similar circumstances." (Italics ours.) Code, § 105-201. Of course proof of ordinary negligence includes the proof of slight negligence, but proof of ordinary negligence does not include proof of gross negligence which is the higher degree thereof. In this State the plaintiff is required to prove not only negligence but gross negligence in a guest case. This very requirement would seem to imply the necessity of proving how the accident occurred, and that certain facts existed which, *in themselves* or of their own natural force, *explain* and make clear *the presence of gross* negligence *as distinguished* from the lower degree of *ordinary* negligence. While the rule of evidence expressed in the maxim res ipsa loquitur may be invoked to make out a prima facie case of negligence, ordinary negligence, which includes slight, as the greater includes the less, yet it is insufficient in itself to make out a prima

facie case of gross negligence; and since in Georgia gross negligence must be established in order for the guest to recover from the host, even if the maxim res ipsa loquitur is applicable under the evidence in the instant case to make out a prima facie case of ordinary negligence, yet it is not applicable with respect to the amount and degree of such negligence so as to make out a prima facie case of gross negligence, and under the rules of evidence applicable to the instant case no gross negligence on the part of the defendant was shown. Therefore the judge did not err in sustaining the motion for nonsuit. 9 Blashfield's Cyc. of Auto. Law, 335 (21), § 6046; *Yearwood* v. *Yearwood,* 45 *Ga. App.* 203 (164 S. E. 105); *Oast* v. *Mopper,* 58 *Ga. App.* 506 (5), 508 (199 S. E. 249).

In *Capers* v. *Martin,* supra; *Duncan* v. *Ross,* 56 *Ga. App.* 394 (192 S. E. 638); *McCord* v. *Benford,* 48 *Ga. App.* 738 (173 S. E. 208); *McLain* v. *Atlantic Ice & Coal Cor.,* 54 *Ga. App.* 103 (187 S. E. 153), Blood *v.* Adams, 269 Mass. 480 (169 N. E. 412); Cooper *v.* Kellogg (Cal.), 31 Pac. 2d, 797; Cormier *v.* Williams (Fla.), 4 So. 2d, 525; Hartley *v.* Berg, 145 Or. 44 (25 Pac. 2d, 933), relied on by the plaintiff, the courts do not mention the doctrine of res ipsa loquitur, but they seem to us to place their decisions on the theory that the evidence if believed would itself explain the specific cause of the accident, and the maxim, being unnecessary, was not referred to as applicable.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*