32388.  KIMBERLY, administrator, *v.* REED *et al.*

DECIDED APRIL 21, 1949.

*Stevens & Stevens, Harris, Harris, Russell & Weaver,* for plaintiff in error.

*Henry G. Neal, Robert E. Knox,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ In special ground 2 of the motion error is assigned on the following excerpt from the charge of the court: "I charge you § 68-301 of the Code. No person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic and common use of such street or highway, nor so as to endanger life or limb or property in any respect whatsoever. Subject to the foregoing limitations operators of motor vehicles upon the public streets and highways of this State are authorized to operate them up to but not exceeding the speed limit provided in the following classifications: For a car of combined weight of the motor vehicle and load in pounds, less than 10,000 pounds, metallic tires, 10 miles per hour, solid tires, 25 miles per hour, pneumatic tires, 55 miles per hour; 10,000 to 16,000 pounds, metallic tires, 5 miles per hour, solid tires, 18 miles per hour, and pneumatic tires, 35 miles per hour; provided, however, that all passenger motor vehicles operated on the public street and highways of this State and having pneumatic tires are authorized to operate at a speed up to but not exceeding 55 miles per hour.

Now, gentlemen, I charge you that it is entirely a question for you to determine, the truth of the case, the speed at which this automobile was running. It is entirely a question for you to determine from all the evidence, facts, and circumstances, whether or not he was guilty of gross negligence at the time of the alleged killing. All that is entirely a matter for you." The plaintiff in error contends that this charge was confusing to the jury for the reason that it set forth a section of the Code, the violation of which does not constitute gross negligence, hence it was inapplicable to the facts of the case, and could only lead the jury to believe that its violation was actionable in the case; and that it was argumentative in that it selected the speed at which the automobile was being operated, and emphasized this factor to the exclusion of all other issues in the case. While it is true that a violation of Code (Ann. Supp.) § 68-301, the provisions of which are substantially the same as shown in the above charge of the court, would not amount to gross negligence as a matter of law, still an automobile may be operated in such a manner and at such a rate of speed—considering the grade, width, and condition of the road—as to be out of control of the driver, and under such circumstances that would present a jury question as to whether or not the driver was guilty of gross negligence. *Moore* v. *Bryan,* 52 *Ga. App.* 272, 282 (183 S. E. 117) ; *Hennon* v. *Hardin,* 78 *Ga. App.* 81 (50 S. E. 2d, 236). The allegations of the plaintiffs' petition in this respect are to the effect that a violation of the speed laws under the circumstances of this case amounted to gross negligence, and the court was informing the jury of the provisions of the Code referred to in the pleadings. It will be noted that the judge did not charge that a violation of Code § 68-301 in itself was gross negligence, or that it was negligence at all, but he expressly stated to the jury that it must determine whether or not the driver was guilty of gross negligence. It cannot be said that the jury was led to believe that a violation of the speed laws, if it should so find from the evidence, would authorize a recovery, because the jury was told that there could be no recovery unless Kimberly was guilty of gross negligence, and immediately thereafter the judge defined gross negligence in his charge to the jury. The judge in his

charge made it plain that, even if the jury found a violation of the speed laws, it must also determine whether or not under the circumstances the acts of the driver were such as to constitute gross negligence. The factor of speed alone was not emphasized to the exclusion of all other factors. No error is shown by ground 2 of the motion.

■ In special ground 3 of the motion error is assigned on the following charge: "Now, gentlemen, I charge you, in general, slight diligence is that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances. The absence of such care is termed gross negligence. If one should exercise that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances to prevent injury to another, he would not be guilty of negligence in failing to exercise slight diligence. If, on the other hand, he should not exercise that degree of care which every man of common sense did exercise under the same or similar circumstances to prevent injury to another, he would be guilty of negligence in failing to exercise like diligence." It is the contention of the plaintiff in error that by the last sentence of the above excerpt the court confused gross negligence with ordinary negligence in the minds of the jurors, causing them to believe that the plaintiff could recover if ordinary negligence were established, and that the last sentence should have included the words "however inattentive he may be." By the preceding sentences as shown in the excerpt the judge had stated that the absence of slight diligence is gross negligence, and had explained that this degree of care was that which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances to prevent injury to another. He had also charged that, if one exercises this degree of care, he would not be guilty of negligence in failing to exercise slight diligence. No criticism of this portion of the excerpt is made by the defendant. The last sentence in the excerpt is merely the antithesis of the statement immediately preceding, made in the abstract, by the omission of the words "however inattentive he may be," and by the substitution of the words "like diligence" for the words "slight diligence." As

applied to the preceding statement the concrete meaning of the last sentence of the charge complained of is that, if one should not exercise that degree of care which every man, *however inattentive he may be,* did exercise under the same or similar circumstances to prevent injury to another, he would be guilty of negligence in failing to exercise *slight diligence.* This is gross negligence. See Code, § 105-203. The charge on which error is assigned in special ground 3 is not subject to the criticism that it confused and misled the jury into applying the standards of ordinary negligence to the present case; and no error is shown by this ground of the motion.

In *Seaboard & Roanoke Railroad Co.* v. *Cauthen & Turner,* 115 *Ga.* 422 (41 S. E. 653), relied on by the plaintiff in error, there was a complete absence of the words "how inattentive soever he may be" in the charge of the court in respect to a standard for gross negligence, as distinguished from the presence of words of like import in the charge defining gross negligence as given in the present case.

■ Special ground 4 of the motion complains of the following charge: "Before giving you the rule as to the measure of damages, I want to say that direct evidence is that which points immediately to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issue or proof by various facts and circumstances sustaining by their consistency the hypothesis claimed. Before the plaintiffs would be authorized to have a verdict in their favor against the defendant on circumstantial evidence alone, the testimony must be such as to reasonably establish the theory relied upon and to preponderate to that theory rather than to any other reasonable hypothesis." The appellant contends that the charge was erroneous and inapplicable in a gross negligence case, and, in support of this contention, relies on *Minkovitz* v. *Fine,* 67 *Ga. App.* 176 (19 S. E. 2d, 561). In that case the only evidence as to negligence was the fact of the occurrence, a collision of an automobile with a tree, entirely unexplained, and the plaintiff sought to invoke the maxim res ipsa loquitur in order to prove gross negligence, and the holding of the court in that case is that the maxim cannot be invoked in order to show more than ordinary negli--

gence. The doctrine of res ipsa loquitur is applied in certain types of negligence cases in order to prove negligence on the part of the defendant by the fact of the injury alone, which otherwise cannot be explained, and which ordinarily would not happen without negligence, and is not involved in the present case. In the case at bar, there was direct evidence serving to explain, if the jury should so believe, what caused the accident. The issue created in this respect was whether or not the manner in which the automobile was being operated, including speed, under the conditions of the road and circumstances existing at the time and place of the accident, with knowledge on the part of the driver, was such as to amount to gross negligence which was the proximate cause of the accident. If it can be properly said that the only evidence as to the identity of the driver of the automobile is circumstantial, it likewise can be said that the establishing of the identity of the driver by circumstantial evidence, and establishing negligence by the doctrine of res ipsa loquitur, are entirely different matters. The charge complained of did not authorize the jury to make a finding of gross negligence by an application of the maxim res ipsa loquitur. Since the identity of the driver was a necessary element in the chain of facts establishing the right of recovery, a charge on circumstantial evidence was applicable. No error is shown by ground 4 of the motion.

■ The court charged the jury: "Now, gentlemen, I charge you at the outset that the plaintiffs would not be entitled to recover in this case, or could not recover in this case unless they show that the deceased, Mr. A. P. Kimberly, was negligent in one or more of the ways alleged in their petition, and that that negligence was what is known in the law as gross negligence. That is the rule in this case, gentlemen. There being no issue that this lady who was killed, Mrs. Reed, was an invited guest, a gratuitous guest, before the plaintiffs would be entitled to recover in this case they would have to show that her death was caused by the gross negligence of Mr. A. P. Kimberly; and, as stated, that that negligence was the proximate cause of her death. Now, gentlemen, I charge you that it is entirely a question for you to determine, the truth of the case, the speed at which this auto-

mobile was running. It is entirely a question for you to determine from all the evidence, facts and circumstances, whether or not he was guilty of gross negligence at the time of the alleged killing. All that is entirely a matter for you." The plaintiff in error contends that this language amounts to an expression of opinion as to who was the driver of the automobile. Particular reference is made in his brief to the statement, "there being no issue that this lady who was killed, Mrs. Reed, was an invited guest, a gratuitous guest," and to the statement, "whether or not he was guilty of gross negligence at the time of the alleged killing." It is contended that saving language should have been used in connection with these statements, to the effect that the jury must first establish that A. P. Kimberly was the driver of the automobile. The court had previously charged the jury that he had no right to express an opinion, and later expressly charged the jury that, if they should believe from the evidence that A. P. Kimberly was not driving the automobile, all further deliberation should cease, and a verdict should be rendered for the defendant. The charge complained of is not subject to the criticism directed against it, and ground 5 of the amended motion is without merit.

■ The plaintiff in error insists upon the general grounds of the motion for a new trial only in so far as they are enlarged upon in ground 1 of the amended motion. In this ground it is contended: (1) that there was no evidence to authorize the jury to find that A. P. Kimberly, the deceased man, was driving the automobile at the time of the occurrence which caused the death of the plaintiffs' wife and mother; and (2) that, if it was found that A. P. Kimberly was driving the car, there was no evidence to authorize the jury to find that it was being driven under such conditions as would amount to gross negligence.

The evidence showed that Mr. Kimberly could drive an automobile, but it was silent as to whether or not Mrs. Kimberly or Mrs. Reed could drive. There was evidence by the Wadley brothers as to the position of the occupants of the automobile immediately after the accident. One of those witnesses said that the man, identified as Kimberly, "was sorter in the middle of the car, in the front seat," and that his legs were twisted, and the

other said that his head was on the ground on the left-hand side of the car, and that his feet were caught under the clutch or brake pedal, causing some difficulty in removing him. The woman, who, by the evidence, was identified as Mrs. Kimberly, was on his right on the front seat, and the other woman, identified as Mrs. Reed, was on the ground on the left side of the car. The left door had come open on impact from the accident. From her position and the description of the accident, she could have been thrown from the rear seat through the open door of the car. The position of A. P. Kimberly in itself, with his feet caught under the brake or clutch pedal, indicates that he was the driver of the car. These inferences from the evidence were for the jury and, under the charge of the court as given, the jury, by its verdict, determined that the driver of the car was A. P. Kimberly. This was a fact which could be established inferentially, and the contention of the defendant that the identity of the driver could not be established by circumstantial evidence is without merit. Note the ruling made in division 3 of this opinion, and see *Jones* v. *Britt,* 75 *Ga. App.* 142 (42 S. E. 2d, 648).

"One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in operating such automobile, unless it amounts to gross negligence. But questions of negligence and diligence, even of gross negligence and slight diligence, are questions of fact and not of law and are, as a rule, to be determined by a jury." *Barbre* v. *Scott,* 75 *Ga.* 524 (43 S. E. 2d, 760), and citations. While no issue is made on the rule of law just stated, the plaintiff in error insists that the only evidence of gross negligence is circumstantial, and that gross negligence cannot be proved in this manner, and relies upon the ruling made in the case of *Minkovitz* v. *Fine,* distinguished in division 3 of this opinion, supra. There is direct evidence that it was raining; that the pavement was rough and in poor condition; that Kimberly was familiar with the road; that there was an "S" curve where cars headed north often ran onto the shoulder; that there was a "slow" sign to warn drivers headed north; that there was an intersection with another road; that a sign on the railroad sta-

tion with the name of the village on it was plainly visible; that the automobile was being operated at a speed of approximately 50 miles per hour; and that the speed of the automobile was not reduced after it ran onto the right shoulder. Whether or not the operation of the automobile in such a manner under such circumstances would amount to gross negligence which was the proximate cause of the death of the plaintiffs' wife and mother was for the jury to determine, and not for the court as a matter of law. See *Barbre* v. *Scott,* supra; *West* v. *Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808).

The verdict was authorized by the evidence, and no error is shown by the general grounds and ground 1 of the amended motion.

█ The court did not err in overruling the defendant's motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, Parker, and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I do not think that the evidence authorized a finding that Mr. Kimberly was driving the automobile at the time of the injuries. Assuming for the sake of argument that the theory that Mr. Kimberly was driving is as reasonable as the theory that Mrs. Reed was driving, the rule as I understand it is that, "when the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong." See cases cited in *New York Life Ins. Co.* v. *Ittner,* 64 *Ga. App.* 806, 824, 825 (14 S. E. 2d, 203); 32 C. J. S. 1101, § 1039, note 25; 20 Am. Jur. 1041-3, § 1189, "It is more consistent with legal justice that a given case should fail for want of evidence than that it should succeed merely because the truth cannot be shown." Bell, J., speaking for the court in *Savannah River*

*Lumber Co.* v. *Bush,* 37 *Ga. App.* 539 (140 S. E. 890), and quoted by MacIntyre, J., in *Collett* v. *Atlanta, Birmingham and Coast R. Co.,* 51 *Ga. App.* 637, 641 (181 S. E. 207). Nor do I think that the evidence authorized a finding of gross negligence, upon the same principle. Such a finding would not be authorized under the application of the doctrine of res ipsa loquitur. *Minkovitz* v. *Fine,* 67 *Ga. App.* 176 (supra), and there is no evidence from which such a conclusion could be reached rationally. Both the findings in this case were a result of conjecture or guess, howsoever conscientiously arrived at.