## 35052. ATLANTIC COAST LINE RAILROAD COMPANY v. PLASPOHL.

DECIDED JUNE 30, 1954—REHEARING DENIED JULY 16, 1954.

*Bouhan, Lawrence, Williams & Levy*, for plaintiff in error.
*Myrick & Myrick*, contra.

QUILLIAN, J. ■ Complaint is made in the first special ground of the motion for a new trial of the following charge of the court: "Application of the maxim res ipsa loquitur—the thing speaks for itself—cannot have the effect of raising an inference that the defendant is negligent, or of relieving the plaintiff of his accustomed burden of proof. It is merely a rule of evidence, and the party who relies upon it simply says that from proof of certain facts the jury will be authorized, but not required to infer the existence of the negligence alleged." It is contended that this charge was erroneous (a) because the doctrine of res ipsa loquitur was not applicable to the case as there was evidence of the causal facts connected with the occurrence; (b) because the charge was merely academic and did not explain to the jury wherein and how it was applicable to the case; (c) because the court did not define the meaning of the term res ipsa loquitur; and (d) because the court did not amplify the charge in certain particulars. *This charge did not state the rule in reference to res ipsa loquitur,* but merely instructed the jury in reference to certain principles of circumstantial evidence. The misnomer, however, was harmless.

This ground of the motion is without merit. Immediately following the portion of the charge complained of the court instructed the jury that: "No presumption arises that the defendant was negligent, merely from proof that the plaintiff was injured, but the burden is upon the plaintiff to prove that the defendant was negligent in one or more of the ways alleged in the petition." The jury could not have understood this paragraph of the charge to have done anything other than modify the paragraph complained of which preceded it. Taken together, the two paragraphs were, if anything, favorable to the defendant and emphasized the rule placing the burden on the plaintiff to prove that the defendant was negligent in one or more of the ways alleged. While the rule of circumstantial evidence given in charge was perhaps not applicable to the negligence charged against the defendant in giving the "wash out" signal, under the ruling in *Miller* v. *Gerber Products Co.*, 207 *Ga.* 385 (62 S. E. 2d 174) and similar cases cited and relied on by the plaintiff in error, the charge did not have the effect of authorizing a verdict based on such rule as to that ground of negligence, and that case is distinguishable from the instant case, and the ruling there is not applicable here, because, in that case, while the evidence on behalf of the plaintiff may have raised an inference of negligence on the part of the defendant, such inference was irrefutably disproved by unimpeached and uncontradicted positive evidence that the defendant was not negligent in any of the ways there contended. In the instant case, while the evidence of the alleged negligence on the part of the defendant's servant and agent, Hyers, in unnecessarily giving the "wash out" signal and thus causing the sudden stop, which negligence at best was merely raised inferentially by the plaintiff's evidence of the sudden stop together with plaintiff's testimony that such a stop would not have been made except on the giving of such a signal, was necessarily overcome by the positive uncontradicted and undisputed testimony of Hyers and of the engineer that such signal was not given. *Emory Univ.* v. *Bliss*, 35 *Ga. App.* 752 (134 S. E. 637); *Methvin* v. *McLendon*, 47 *Ga. App.* 710 (171 S. E. 305). The plaintiff introduced direct evidence of the sudden stop and showed by other direct evidence that it was unnecessarily sudden, and though this evidence was contradicted by the

testimony of the defendant's witnesses, it remained a jury question as to whether there was a sudden stop which caused the plaintiff to be thrown forward and under the wheels of the train; and whether, under the circumstances related, the defendant's agents and servants were negligent in so stopping the train was also a question for the jury. Under all the facts of this case, then, we cannot say that the charge here complained of was erroneous or harmful to the defendant so as to require a reversal of the case and the grant of a new trial.

■ The evidence in the case showed without dispute that the plaintiff was a switchman employed in the defendant's switch yards in Savannah; that on the night of March 5, 1951, he was a part of a crew engaged in switching 3 or 4 cars pushed by an engine onto a switch track; that the lead car in the string was a tank car on which the plaintiff was riding, standing on the foot boards on the left-hand side some two or three feet from the forward end; that the cars were slowed so as to allow another employee to board the train and that upon the application of the brakes the plaintiff was thrown forward between the rails and run over by the car, sustaining the injuries for which he sued. The plaintiff testified that the stopping or slowing of the train which caused him to be propelled forward was a sudden and violent and unusual application of the brakes; that no occasion existed for such a sudden stop and that he was given no notice or warning that the train was to be brought to a stop. Under the plaintiff's direct testimony, the jury were authorized to find the above-stated facts, though they may have been disputed in some particulars by the defendant's evidence, and also authorized to find that under the circumstances related the defendant was negligent in causing the train to be stopped with such suddenness, and that such negligence proximately caused or contributed to the plaintiff's injury.

The first count of the petition, which was the count upon which the case was tried, alleged that the defendant railroad was careless and negligent with reference to the petitioner in that "they should have warned petitioner that the engine and cars were about to be brought to a sudden stop so that petitioner could have protected himself and not been thrown forward from the front end of said car down between the rails." Whether or

not under this state of the pleadings the plaintiff's evidence made out a case under the Georgia law, we are satisfied that it was sufficient to do so under the Federal Employers Liability Act as interpreted and administered by the Supreme Court of the United States. Brown *v*. Western Ry. of Alabama, 338 U. S. 294 (70 Sup. Ct. 105, 94 L. ed. 100), reversing 77 *Ga. App.* 780 (49 S. E. 2d 833). The trial court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*