19454.   COLLIS *v.* ASHE.
19455.   COLLIS *v.* COLLIS.

ARGUED OCTOBER 8, 1956—DECIDED DECEMBER 5, 1956.

*Smith, Field, Doremus & Ringel, R. E. Lee Field, William Butt, Herman J. Spence,* for plaintiffs in error.

*J. Hugh Rogers, Thos. H. Crawford,* contra.

WYATT, Presiding Justice. ■ In so far as the general grounds of the motion for new trial are concerned, the material evidence was in substance as follows: Barbara Anne Collis, the plaintiff in one of the cases in the court below, testified that the accident occurred in daylight hours; that the speed of the car in which she was riding as it approached the intersection was 35-45 miles per hour. She further testified that, as best she could remember, the car did not stop at the stop sign and did not stop at the intersection, and that she knew they were going into the intersection when the truck struck the car in which she was riding.

Jessie Ashe, the plaintiff in the other case in the court below, testified in substance that she saw the truck "not too far away" just as they entered the intersection, and that the truck and the car ran together there.

Mrs. Lena Collis, the defendant in both cases, testified, when called for cross-examination by the plaintiffs, as follows: that her speed when she approached the intersection was 40-45 miles per hour. She further testified, "I did not see the stop sign down there against traffic on the road. I was driving to the right as we approached the intersection on the Buford highway. As to whether or not I observed that and stopped my car there—when I seen the intersection I applied the brakes and that is all I remember; it just seemed like the whole world caved in. I said, as I seen the intersection I applied the brakes and that is all I remember; it just seemed like the whole world caved in and crushed. As to whether or not I was struck by any other vehicle—that is what I don't know. I did not see the truck. I was struck from the right side of the car. As to the intersection there, whether or not I saw the Atlanta and Gainesville highway as I was approaching it there, and whether I saw there was a highway crossing with the one I was on—yes, sir, when I got down to it I seen the intersection, and that is where I applied the brakes. I did not see a stop sign on the side I was on. As to whether or not I was going to stop or whether or not I saw any

reason to stop—well, if I had seen the stop sign, I guess I would have stopped, but I didn't see the stop sign, as far as that goes. I did not see the truck. I did not see any traffic on that road from Atlanta to Gainesville."

This evidence to the effect that, as well as the witness could remember, the defendant did not stop her car before entering the intersection, the evidence to the effect that the accident occurred in the intersection, together with the testimony of the defendant from which the only reasonable conclusion which can be drawn is that the defendant did not stop, is certainly sufficient to have authorized the jury to find that the defendant drove her automobile into the intersection without seeing the stop sign, without stopping at the stop sign, and without stopping at the intersection, and that this resulted in the collision.

Even if it be admitted, as contended by the plaintiff in error, that the evidence is wholly circumstantial, circumstantial evidence is sufficient in a civil case to establish the conclusion sought to be proved, subject to the same rules and limitations as in criminal cases. *Georgia Railway &c. Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076). See also Code § 38-109. The evidence in the instant case complies completely with those rules and limitations.

The plaintiff in error insists that the doctrine of res ipsa loquitur should be applied in the instant case, and that an inference of gross negligence is not permissible under this doctrine. The plaintiff in error cites and relies upon the case of *Minkovitz* v. *Fine,* 67 *Ga. App.* 176 (19 S. E. 2d 561), and many other cases stating the rules relating to the doctrine of res ipsa loquitur, and insists that these cases require a reversal of the judgment of the Court of Appeals. We can not agree, for the reason that the doctrine of res ipsa loquitur, and the rules of law laid down in *Minkovitz* v. *Fine,* supra, and similar cases are not applicable, because in the instant case the cause of the accident is not unexplained. There is more than the mere happening of an accident. There is in addition the explanation that the accident occurred because the driver of the car did not see a stop sign, did not stop at the stop sign, and did not stop at the intersection before entering it. It follows, there is no merit in the general grounds of the motion for new trial.

■ The only other question raised in the application for certiorari and in this court is with reference to special ground 5 of the motion for new trial, which complains of an excerpt from the charge of the court reading as follows: "Now Miss Collis and Miss Ashe contend that they were riding in a car belonging to Mrs. Collis on that day in question, going west, on the morning of April 24th, and that as they came along highway number 20 just before that crossed the highway from Atlanta to Gainesville they contend that there was a stop sign there, which is admitted to be true that there was a stop sign there, they both admit that, that that was erected by the Highway Department, and that Mrs. Collis driving the car did not stop at that stop sign, did not stop before she entered the intersection of the Gainesville Road, and that she went into that intersection, and that as the result of her driving into that intersection, without stopping as required by that stop sign, a truck coming down the road from toward Gainesville hit their car on the right side, and that as the result of said collision both of these plaintiffs suffered certain injuries; that they both suffered not only injuries but suffered great pain and suffering, and that both have permanent injuries."

A mere reading of this excerpt is sufficient to demonstrate that it is misleading and confusing. It is capable of a construction to the effect that the judge of the court below charged the jury that both the plaintiffs and the defendant admitted, not only that there was a stop sign on the highway against traffic moving along the highway in the direction Mrs. Collis was going, which was admitted, but also that Mrs. Collis did not stop before she entered the intersection, which was not admitted and which was the only issue in the case. A charge by the court to the effect that both parties admitted that she did not stop, when such was not the case, thereby removing this issue from the case, was certainly erroneous and demands a reversal of the judgment in this case. See *Baker* v. *Moore*, 182 *Ga.* 131 (184 S. E. 729), and *Hightower* v. *Ansley*, 126 *Ga.* 8 (54 S. E. 939, 7 Ann. Cas. 927).

*Judgments reversed. All the Justices concur.*