38975. HARRISON, by Next Friend v. SOUTHEASTERN FAIR ASSOCIATION *et al.*

DECIDED SEPTEMBER 26, 1961—REHEARING DENIED OCTOBER 11, 1961.

598

600

*Wilson, Branch & Barwick, John W. Wilcox, Jr., Richard N. Hubert*, for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Sam F. Lowe, Jr.*, contra.

BELL, Judge. ■ The plaintiff contends that the unique and unusual nature of the injury sustained by her falls within the category of those which usually do not occur in the absence of negligence on the part of defendants, and urges that the jury might thus draw an inference of negligence under the doctrine or maxim of res ipsa loquitur. The distinguishing quality of the evidence before us when coupled with the history of the application of the doctrine of res ipsa loquitur by the Georgia appellate courts impels us to agree with this view.

"Where something unusual happens with respect to a defendant's property over which he has control, and by such extraordinary occurrence a plaintiff is injured (the occurrence being such as does not happen if reasonable care has been used), an inference may arise that the injury was due to the defendant's negligence. The maxim res ipsa loquitur is a rule of evidence,

to be applied by the jury, if applied at all. The inference which may in some cases arise from an unexplained occurrence which has worked an injury to another, that the defendant who had in charge the instrumentality which was the direct cause of the injury was guilty of negligence, may or may not be drawn by the jury; but, like the fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact . . ." *Sinkovitz v. Peters Land Co.*, 5 Ga. App. 788 (2) (64 SE 93). See also *Macon Coca-Cola Bottling Co. v. Chancey*, 216 Ga. 61, 66 (114 SE2d 517).

Here the defendant Stephens' testimony clearly revealed that the machine was exclusively under his control, for he positively asserted that no one else had control of the moon rocket or had tampered with it in any way. The extraordinary occurrence here was the unexplained burning of the plaintiff's left hip by tremendous heat while riding on this unusual machine. The affirmative evidence of the plaintiff and her witnesses that she was injured when upon the moon rocket, although conflicting with that offered by the defendant, was not disproved. In argument, the defense contends that it was unlikely that the plaintiff was injured during the ride since no complaint was made by her upon descending from the ride nor by anyone until the next week. But the jury might well have concluded that this delay was sufficiently explained by the plaintiff in her testimony that she went to a restroom on the fairgrounds, discovered the burn, and immediately thereafter was rushed to the hospital by her father. The testimony of the physician that frequently there is no pain accompanying a third degree burn also might adequately explain the lack of complaint on plaintiff's descent from the ride. It is certainly not unreasonable that the parent, in his anxiety to obtain medical care for his child, would not pause to file an immediate complaint with the operator of the ride. Further, the father testified that his daughter was injured on a Saturday and he "contacted" the defendant Stephens on the following Monday. In any event, there was no duty imposed on either the plaintiff or her father to give the operator immediate notice of her injury.

In the *Sinkovitz* case, supra, this court warned that the maxim res ipsa loquitur is to be applied with the greatest caution. Its

use naturally depends upon the circumstances of each particular case. But where the physical facts surrounding an occurrence are such as to create a reasonable probability that the occurrence —and the consequent injury—resulted from negligence, the physical facts themselves are evidential, and may or may not furnish evidence of the particular negligence alleged.

In this factual situation, the machine was unusual and the injury extraordinary. We feel that testimony indicating the appearance of heat sufficient to cause a third degree burn, the most serious type of burn, in or near the seat in an amusement ride is sufficient to permit the jury to infer that the injury was due to the defendant's negligence. Of course the jury may or may not draw the inference, but the issue must be submitted to them, which was not done here. As stated in the *Sinkovitz* case, at page 793, "Not only is negligence or diligence, in every case where either is involved, a question solely for the jury, but it is also the prerogative of the jury to say in the first instance whether the evidence adduced to raise the inference of fact— that an extraordinary and unexplained casualty authorizes an inference that the defendant was negligent—is sufficient or insufficient for the purpose." Furthermore, "In the absence of any satisfactory explanation that the occurrence was accidental or providential, or other sufficient explanation, if something unusual happens in respect to a defendant's property or to something over which he has control, whereby the plaintiff is injured, and the natural inference on the evidence is that the unusual occurrence is due to the defendant's act, the occurrence, being unusual, is said to speak for itself that such act was negligence." Ibid, p. 788 (2c).

Here, the existence of heat in the car sufficient to cause the plaintiff's injury was not explained by the defendant, but rather both the presence of the heat and the injury were denied. Under the facts and the evidence there was no possibility of wrongful conduct of the plaintiff contributing to her injury which would, if found, prevent the application of res ipsa loquitur. Prosser on Torts, 2d Ed. § 42, pp. 199, 208-9.

The trial court erred in directing a verdict for the defendant since the issue should have been submitted to the jury to allow

it to decide under proper instructions whether or not to draw the inference of defendant's negligence.

■ Although the holding in division 1 of this opinion demonstrates the court's view that the factual situation existing here is one compatible with the application by the jury of the maxim of res ipsa loquitur, there is yet an additional and more basic reason why we feel that the trial court erred in directing the verdict for the defendant and in overruling the plaintiff's motion for a new trial.

There is to be found in the record testimony which, if believed by the jury, would have authorized them to find the defendant negligent.

The expert witness for the plaintiff, A. O. White, testified that in his opinion heat could be generated by friction produced by the rubbing of the wheels against the side metal of the cars; that he found evidence of such friction in worn places on the sides of the cars; and that one wheel "appeared to be misaligned as a result" of something he found wrong with the connection of the wheel to the sweep in that one of the pins was out and the "spider" was missing. This testimony, although at variance with that offered on behalf of the defendant, was sufficient to create an evidentiary issue as to the negligence of the defendant for the jury to resolve. If the jury believed the device was in the condition the plaintiff's expert testified it was, and found that heat was produced by the friction, this would have authorized a finding that the defendant's machine was negligently operated or maintained.

Furthermore, the defendant Stephens had notice, under one version of the evidence, that a rider had been injured by a burn the same day shortly before the plaintiff's injury. This testimony would have empowered the jury to find that the defendant had notice of some malfunctioning of the machine. Continuing the rocket ride in operation after a cursory inspection would serve to sanction a determination by the jury of negligence by the defendant through a failure to eliminate the cause or source of the heat.

"It is error to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and

the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. *Code* § 110-104." *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812) and cases there cited.

Here there were material conflicts in the evidence introduced by the respective parties. It was error for the trial court to direct a verdict for the defendants.

■ In view of the holdings in divisions 1 and 2 of this opinion, the question necessarily arises as to whether the application of the doctrine of res ipsa loquitur may be present consistently in this case since the plaintiff has introduced some evidence of the defendant's negligence which tends to show how the heat could have been generated which produced the burn upon the body of the plaintiff.

This testimony tending to show negligence was that of a consulting engineer qualified as an expert, whose attestations are summarized in division 2 of this opinion.

Also summarized in division 2 is the testimony of the defendants' expert witness, contradicting that offered by the plaintiff's expert.

Where the plaintiff introduces some evidence of the defendant's negligence, may the plaintiff still rely upon the inference provided by the res ipsa loquitur rule?

Normally the doctrine of res ipsa loquitur applies only where direct evidence of negligence is absent and unavailable, and the introduction of evidence showing the precise cause of the accident and the defendant's specific acts of negligence renders the doctrine inapplicable. 65 C.J.S. 1002, Negligence, § 220 (6). "Hence the presumption or inference arising from the doctrine cannot be availed of, or is overcome, where the plaintiff has knowledge and testifies as to the specific act of negligence which is the cause of the injury complained of, or where there is direct evidence as to the precise cause of the accident and all the facts and circumstances attendant upon the occurrence clearly appear.

"The introduction of evidence, however, as to how the accident happened and the cause thereof does not necessarily prevent the application of the doctrine, even though the cause of the acci-

dent is thereby disclosed, and the plaintiff is not deprived of the benefit of the doctrine from the mere introduction of evidence which does not clearly establish the facts or leaves the matter doubtful . . ." Ibid, pp. 1002-4. Where *all* the facts are shown by the evidence the doctrine is not applicable. *Stansfield v. Gardner*, 56 Ga. App. 634, 647 (193 SE 375); *Collis v. Ashe*, 212 Ga. 746, 748 (95 SE2d 654). "The doctrine of res ipsa loquitur is applied in certain types of negligence cases in order to prove negligence on the part of the defendant by the fact of the injury alone, which otherwise cannot be explained, and which ordinarily would not happen without negligence. . . In the case at bar, there was direct evidence serving to explain, if the jury should so believe, what caused the accident." *Kimberly v. Reed*, 79 Ga. App. 137, 145 (53 SE2d 208). In *Floyd v. Swift & Co.*, 59 Ga. App. 154, 157 (200 SE 531), the court stated that the cases there analyzed show that the doctrine is applicable *"only in the absence of* evidence as to an external cause of the injury." As we interpret the Georgia decisions here cited, and numerous others consulted, we conclude that the rule in this State is that the doctrine of res ipsa loquitur is removed from the case only where the causes of the injury are *fully explained* by the evidence. See also *Atlanta Coca-Cola Bottling Co. v. Danneman*, 25 Ga. App. 43, 45 (4) (102 SE 542).

It is "quite generally agreed that the introduction of evidence which does not purport to furnish a complete explanation of the occurrence does not deprive the plaintiff of res ipsa loquitur." Prosser, Law of Torts, 2d Ed., § 43, p. 214. An incomplete explanation does not remove the res ipsa loquitur doctrine from the case, "but if, at the close of the evidence, the cause does not clearly appear, or if there is a dispute as to what it is, then it is open to the plaintiff to argue upon the whole evidence, and the jury are justified in relying upon presumptions unless they are satisfied that the cause has been shown to be inconsistent with it." 93 A.L.R., p. 614, quoting Cassady v. Old Colony St. R. Co., 184 Mass. 156 (68 N.E. 10, 63 LRA 285); "But on the other hand, even though the plaintiff's evidence may tend to show the specific cause of the accident, he will nevertheless not lose the benefit of the doctrine, nor be deprived of the

right to rely upon it in the submission of his case, if, after his evidence is in 'the true cause is still left in doubt or is not clearly shown.' " Hale v. St. Louis Public Service Co. (Mo. App. 1951), 238 S.W.2d 876, 881.

It appears to be the generally accepted rule (including Georgia, we think) that there is no place for the operation of the doctrine of res ipsa loquitur where the evidence in the case reveals all the facts and circumstances surrounding the occurrence in suit and clearly establishes the precise cause of the plaintiff's injury. 38 Am. Jur., Negligence, §§ 296, 299. But, on the other hand, most of the courts which have considered the question seem to have concluded that where the doctrine is otherwise applicable, the plaintiff does not forfeit his right to have it applied by introducing some evidence of specific negligence which does not clearly and definitely establish the precise cause of the injury. 33 A.L.R.2d 791, 795.

Unfortunately for the litigants, and exceedingly difficult for the trial judge before whom are tried matters where the rule may be applicable, there is apparently no precise rule or standard by which the issue may be accurately gauged. It requires merely an admission of existing facts for us to confess that the appellate courts of this State—and nearly all elsewhere—have not established any satisfactory guide for the trial judge to follow in this field. "It becomes apparent that in the application of these general rules, the courts have experienced many difficulties, a condition unhappily characteristic of the general field of res ipsa loquitur." 33 A.L.R.2d 791, 793. The charge to the jury upon res ipsa loquitur remains to this day for the trial judge, here and elsewhere, essentially a matter of guesswork. In this confused situation no conscientious counsel for a plaintiff—who by fortuitous circumstances or exemplary diligence may have the slightest scintilla of testimony tending to show negligence on the part of the defendant—would dare rest the cause of his client upon the questionable and hazardous application of the maxim; rather, counsel would show what he could. This unsettled status of the law, when coupled with the tightly limited area of mishaps where the doctrine may be applicable, necessarily limits and curtails its proper use. It therefore would seem patently un-

just and unfair for the appellate courts to say that the introduction of any evidence of negligence, however meager and unconvincing it may be, would bar the plaintiff from the benefit of the rule of res ipsa loquitur. We do not think the decisions of our courts go so far. We think it to be perfectly compatible with all prior decisions of our appellate courts to hold that where, as here, through the use of expert testimony there is an incomplete explanation of the facts of the occurrence in dispute to the extent that the "true cause is still left in doubt or is not clearly shown," the doctrine of res ipsa loquitur remains in the case, leaving to the jury a permissible inference of negligence for them to accept or reject.

We think the better rule would be, where one is entitled to the benefit of res ipsa loquitur, that the plaintiff should not be penalized for attempting to make as specific a case of negligence as he can under the facts of his cause, but rather should be encouraged to prove as much as he can, even to the extent of clearly establishing the precise cause of the injury, and this without forfeiting the benefit of the doctrine. However, despite our view on this point, we are constrained by prior decisions of this court and of the Supreme Court and cannot go so far.

*Judgment reversed. Hall, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur specially in the judgment for the reason stated in Division 2 of the opinion.