### 42343. STARK v. LANIER et al.

PANNELL, Judge. 1. A motion was made to dismiss the appeal on the ground the enumeration of errors was not filed with the brief, but three days later, citing *Close v. Walker Land Corp.*, 221 Ga. 329, 330 (2) (145 SE2d 245), and on the further ground that a copy of the enumeration of errors was not filed with the clerk of the trial court as required by Section 14 of the Appellate Practice Act of 1965, as amended by Section 2 of the Act approved March 24, 1965 (Ga. L. 1965, pp. 18, 29; Ga. L. 1965, pp. 240, 243; *Code Ann.* § 6-810). An examination of the record in this court discloses that both the brief of appellant and the enumeration of errors were filed in this court on the same day, to wit: August 29, 1966. The failure to file a copy of the enumeration of errors with the clerk of the trial court is not ground

for dismissal of the appeal. *Adams v. Morgan,* 114 Ga. App. 180 (1) (150 SE2d 556). The motion to dismiss on the grounds stated must, therefore, be denied.

2. This case involves an appeal from the grant of a nonsuit in an action by the plaintiff appellant against a defendant husband and wife seeking recovery of damages arising out of an automobile collision at an intersection between an automobile driven by plaintiff and an automobile driven by defendant wife. The defendants denied each paragraph of the petition and set up an affirmative defense as follows: "Defendants show that the accident which is the subject matter of this action, occurred without any fault or negligence on the part of either of these defendants. Immediately before the collision, and at a time when the defendant, Esther E. Lanier, had not been guilty of any negligent or careless acts, she suddenly and without warning was rendered unconscious from causes unknown to her at said time, and said accident occurred thereafter without any fault, negligence, or want of proper circumspection on the part of either defendant herein, and therefore was the result of pure accident." The evidence discloses that the plaintiff was rendered unconscious and could not testify as to the facts surrounding the collision, other than that she was proceeding on a through highway toward the intersection at about 40 miles per hour with her lights on as it was about dark. The state trooper, who investigated the collision, testified that at the time of the collision the entry from the side road to the highway was controlled by a stop sign, that the defendant's automobile was being driven south on the side road and plaintiff's automobile east on the highway, that the front of the defendant's automobile struck the left side of plaintiff's automobile. Plaintiff's husband testified that the left front and steering wheel of plaintiff's automobile were driven up against the front seat, the point of impact being about two feet back "from the left front fender," and the automobile was sold for scrap. The defendant's wife testified she was driving her husband's automobile at the time of the collision and that she did not see the stop sign. She testified as to no further details of the collision.

3. The evidence was sufficient to authorize a jury to find that the respective automobiles were in a collision at the time and place in question, that at the time of the collision the

plaintiff's automobile was being driven by the plaintiff on the favored highway, and the defendant's automobile was being driven on the unfavored highway or side road by the defendant's wife *who did not see the stop sign* at the intersection. There was no testimony as to whether or not the defendant wife stopped at the intersection; however, the condition of the respective automobiles after the collision and the evidence of the extent of the impact on plaintiff's automobile coupled with the defendant wife's statement that she did not see the stop sign, was sufficient to authorize the jury to find that the defendant wife failed to stop at the stop sign; and that her unexplained failure to see the stop sign and to stop was negligence, and that this negligence was the proximate cause of the collision and the plaintiff's resulting injuries. See in this connection *Minkovitz v. Fine,* 67 Ga. App. 176, 181 (19 SE2d 561); *Collis v. Ashe,* 212 Ga. 746, 748 (95 SE2d 654); *Pettigrew v. Branch,* 101 Ga. App. 534 (114 SE2d 391).

While there are interrogatories in the record disclosing that the defendant wife may have blacked out or become unconscious prior to entering the favored highway, these interrogatories were not used as evidence and there was no evidence introduced on the trial of the case disclosing such a fact. See in this connection *Edwards v. Ford,* 69 Ga. App. 578 (26 SE2d 306). The trial court therefore erred in granting the nonsuit.

*Judgment reversed. Felton, C. J., and Frankum, P. J., concur.*

SUBMITTED OCTOBER 4, 1966—DECIDED FEBRUARY 7, 1967—
REHEARING DENIED FEBRUARY 16, 1967.

*Peek, Whaley & Blackburn, Benjamin B. Blackburn, III, Glenville Haldi, Thomas R. Luck, Jr.,* for appellant.

*Cook & Palmour, A. Cecil Palmour, Bobby Lee Cook,* for appellees.