44735. PARKER et al. v. DAILEY, by Next Friend.

JORDAN, Presiding Judge. This is a personal injury action. The plaintiff, Teresa Dailey, was born on February 8, 1960. On February 10, 1968, she was found lying in the unpaved sidewalk area on the edge of a public street in Millen with a fractured skull, under a 10 x 20 inflated truck tire which was then in a horizontal position. The tire measured approximately 130″ in circumference, 41″ in diameter, and weighs 178 pounds. She did not testify, and the cause of her injuries is explained only by the circumstances.

The defendants, Bert Cecil Parker and Katheryn Parker, are husband and wife. Katheryn Parker owns the property adjacent to the street and she and her husband occupy a residence on the premises. There is a fence along the street adjacent to her property, but the fence is actually on land owned by the city and some 9′ beyond her property line. Bert Cecil Parker uses the premises for business purposes in operating a trucking company.

At some time before February 10, 1968, Bert Cecil Parker received a delivery of tires from a recapping company and personally leaned two of them, mounted on rims and inflated, against the fence at an angle on the street side, so that the base of each rested on the ground some 8 or 10″ from the fence. It was one of these tires which was found on top of the injured child. The neighborhood is residential, and Bert Cecil Parker knew there were numerous children in the area who played in various yards and throughout the area. He had counted as many as 14 in his front yard playing baseball.

An expert witness demonstrated to the jury that it requires approximately 12 pounds of pressure to topple the tire placed with the base some 10½ to 11″ from the vertical, and only

5½ pounds of pressure with the base 8″ from the vertical. Using applications of weight and forces he considered conservative, he estimated the falling force of the tire to be 6,408 pounds, which if concentrated, would represent a force of 6,408 pounds per square inch, or 1602 pounds per square inch spread over 4 square inches. This engineer estimated that if pressure were applied to the bottom of the tire to cause it to fall it would require 34 to 38 pounds.

The jury found for the plaintiff, and the defendants appeal from the judgment of the court overruling their motions for judgment n.o.v. and new trial. *Held:*

1. The trial judge erred in refusing to direct a verdict or grant judgment n.o.v. for Katheryn Parker, for in our opinion the evidence demands a judgment in her favor. She did not own, control, or place the tire against the fence. The situation thus created did not exist on her land, and there is no evidence to disclose that she purported to exercise any control whatsoever over the use of the street side of the fence.

2. The trial judge did not err, however, in refusing to direct a verdict or grant judgment n.o.v. or a new trial on the general grounds in favor of Bert Cecil Parker. In our opinion the evidence is clearly sufficient to support a jury determination of the negligence of the defendant, Bert Cecil Parker, as the proximate cause of the plaintiff's injuries, on the theory that by placing the tire against the fence precariously balanced in an upright position, so that slight pressure would topple it, he created a dangerous static condition, not unlike that of a mantrap or pitfall, which forseeably could cause injury to children known to live and play in the residential neighborhood and who had a legal right to be on the land owned by the city where the tire was located, when activated by some unknown force, and which was in fact activated by some unknown force and did in fact injure the plaintiff. It is clearly inferable from the evidence of the position of the injured child and the attendant circumstances that the tire fell on her and caused her injuries. Under the above theory it matters not whether the activating force is the innocent conduct of the injured child or others at play, or some other unknown but foreseeable force, or the actual tortious conduct of another person, for even though the tortious conduct of another person might support an action against such a person, it would not excuse the person creating the dangerous

situation. This theory is subject to the defenses, if raised by the evidence, although none is present in this case, of avoidance, contributory negligence, and comparative negligence in diminution of damages.

The foregoing principles have been recognized and applied in this State in numerous cases involving static situations foreseeably capable of producing injury. These include a barroom counter with a high center of gravity and not securely fastened to the floor (*Rollestone v. Cassirer & Co.,* 3 Ga. App. 161 (59 SE 442)); a dead cow on the highway (*Hardy v. Brooks,* 103 Ga. App. 124 (118 SE2d 492)); a precariously balanced roll of linoleum (*Parsons, Inc. v. Youngblood,* 105 Ga. App. 583 (125 SE2d 518)); the deteriorated condition of a pole supporting wire (*Southern Bell T. & T. Co. v. Whiddon,* 108 Ga. App. 106 (132 SE2d 237)); a parked vehicle (*National Upholstery Co. v. Padgett,* 111 Ga. App. 842 (143 SE2d 494)); and stacked cartons of soft drinks (*Higdon v. Ga. Winn-Dixie,* 112 Ga. App. 500 (145 SE2d 808); *Colonial Stores v. Donovan,* 115 Ga. App. 330 (154 SE2d 659)).

3. The trial court charged as follows: "I charge you further you are instructed that the burden rests upon the party charging negligence to prove it by a greater weight of evidence. However, you are instructed that whenever an instrumentality which produces an injury is shown to have been under the control and management of the defendants, and the occurrence is one which, in the ordinary course of events, does not happen if due care is used, then the fact that the occurrence took place and caused an injury will in itself be deemed to afford reasonable evidence to support an inference of negligence on the part of the defendants."

Appellants excepted to this portion of the charge on the ground that the doctrine of res ipsa loquitur was not applicable under the evidence in this case. In view of the facts of this case and what is said in Division 2 of the opinion, the applicability of the doctrine appears to be questionable. See *Harrison v. Southeastern Fair Assn.,* 104 Ga. App. 596 (122 SE2d 330).

However, immediately following the charge excepted to, the court charged as follows: "I charge you that negligence on their part [defendants] cannot be presumed merely because the plaintiff was injured, but the burden rests upon the

plaintiff to establish negligence on the part of the defendants by a preponderance of the evidence, and if the plaintiff fails to do this, then your verdict should be for the defendants." Taking the two paragraphs together they are, if anything, more favorable to the defendant, clearly stating the rule placing the burden on the plaintiff to prove the negligence of the defendant by a preponderance of the evidence and that such negligence cannot be presumed merely because the plaintiff was injured. Under such circumstances, as was held in *Atlantic C. L. R. Co. v. Plaspohl*, 90 Ga. App. 445 (83 SE2d 240), we cannot say that the charge complained of was harmful so as to require a reversal of the case.

4. The remaining contentions are without merit.

*Judgment reversed as to defendant Katheryn Parker, affirmed as to defendant Bert Cecil Parker. Hall, P. J., and Whitman, J., concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED FEBRUARY 4, 1970—
REHEARING DENIED MARCH 27, 1970—

*J. P. Cheney, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellants.

*Odom & Dendy, Florence Hewlett Dendy,* for appellee.