Willie **TURNER** et al., Plaintiffs-Appellees,

v.

**SOUTHERN RAILWAY COMPANY,** Defendant-Appellant.

No. 29519.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1971.

Rehearing Denied March 10, 1971.

Burt DeRieux, James A. Eichelberger, Greene, Buckley, DeRieux & Jones, Atlanta, Ga., for appellant.

T. Emory Daniel, Donald A. Weissman, Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for appellees.

Before JOHN R. BROWN, Chief Judge, and WISDOM and MORGAN, Circuit Judges.

PER CURIAM:

This appeal arises out of a diversity action against the Southern Railway Company for damages resulting from personal injuries to Willie Turner and an action by his wife for loss of consortium caused by those injuries which were consolidated for trial under Rule 42, Federal Rules of Civil Procedure. The jury returned a verdict in favor of Turner, but returned a verdict in favor of the railroad in the consortium action. The district court denied the railroad's motion for judgment notwithstanding the verdict in the action brought by the husband and granted Mrs. Turner's motion for a judgment notwithstanding the verdict on the issue of liability and granted her a new trial solely on the issue of damages. The railroad appeals from both orders. We affirm.

Willie Turner was injured when a 36-pound iron bar crashed through the windshield of the car in which he was riding and struck him. The accident happened just as the car was passing under a railroad overpass over an expressway in Atlanta, Georgia, which was used and controlled by the appellant railroad. A number of years earlier two side tracks which passed over the overpass were dismantled and left by the railroad in disorderly fashion alongside the other tracks on the overpass. It is undisputed that iron bars identical to the one that struck Turner were found among the debris left on the overpass by the railroad. However, there is nothing to indicate how or why the iron bar in question left the overpass and crashed into the car in which Turner was riding. On this basis, the railroad contends that there was insufficient evidence to submit the issue of proximate cause to the jury and that, accordingly, its motion for judgment notwithstanding the verdict should have been granted. It is clear, however, that there was sufficient evidence for the jury to conclude that the iron bar would not have fallen and Turner would not have been injured absent the negligent condition of the overpass caused by the railroad and that the injury was within the scope of the risk thus created. See the analysis and authorities in the district court's order denying the railroad's earlier motion for summary judgment, reported at 46 F.R. D. 71, 74–75 (1968). See also Parker v. Dailey, 121 Ga.App. 507, 174 S.E.2d 273 (1970).

With regard to Mrs. Turner's action for loss of consortium, the district court instructed the jury as follows:

* * * [Y]ou should first ascertain whether, under the instructions given, Mr. Turner is entitled to recover. As previously stated, if he cannot recover for either or any of the reasons given, then Mrs. Turner cannot recover either, her right to recover being solely dependent upon a recovery by him. On the other hand, if Mr. Turner can recover, then Mrs. Turner would likewise be entitled to recover, provided the evidence establishes that by reason of her husband's injuries she was deprived of her right to his consortium as charged in her complaint.

Accordingly, the jury first returned its verdict in favor of Turner and then retired again to consider Mrs. Turner's action and returned a verdict for the railroad.

In granting Mrs. Turner a judgment notwithstanding the verdict on the issue of liability, the district court held that since the railroad's liability to her husband was established by the prior verdict and her evidence regarding loss of consortium was uncontradicted, she was entitled to recover as a matter of law.

██ It is well established that a judgment notwithstanding the verdict should not be granted unless the evidence, together with all inferences that can reasonably be drawn therefrom, there can be but one reasonable conclusion as to the proper judgment. O'Neil v. W. R. Grace & Co., 5 Cir., 1969, 410 F.2d 908; Leach v. Millers Life Ins. Co. of Tex., 5 Cir., 1968, 400 F.2d 179. Judged by this standard, we cannot fault the action of the district court. It follows that a new trial is necessary on the issue of damages sustained by Mrs. Turner as a result of the loss of her husband's consortium.

Affirmed and remanded.